## THE PEOPLE v. SUMNER PORTER.

A Court of Sessions has no power to direct a *nolle prosequi* to be entered on an indictment pending therein for an offence not triable in that court.

Nor can a *nolle prosequi* be entered to a part of a count of an indictment, though the court in which it is pending have jurisdiction to try the offence charged. A *nolle prosequi* may be entered to the whole of an indictment, or to any one or more of several counts in an indictment.

Where a person was indicted in a Court of Sessions for rape, with but one count in the indictment, in the usual form, and the Court of Sessions directed a *nolle prosequi* to be entered for the crime of rape, and the prisoner was tried for an assault only, and convicted, the conviction was reversed, and the prisoner discharged.

THE prisoner was indicted for the crime of rape, at a Court of Sessions held in Hamilton county, in October, 1858. The indictment contained but a single count in the usual form. At

a subsequent term of said court, held in June, 1859, the prose-cuting attorney moved that said indictment be sent to the Fulton county Oyer and Terminer for trial, or that the prisoner be tried for an assault only. The court directed a *nolle prose-qui* to be entered for the crime of rape charged in the indict-ment, and that the prisoner be tried upon the remaining part of the indictment for an assault only. A *nolle prosequi* was entered accordingly, to which the prisoner, by his counsel, duly excepted.

The prisoner was thereupon put upon trial under the said indictment, for an assault. The prisoner, by his counsel, in-sisted that he was not under indictment for an assault, and that the court had no authority to try him for such an offence. The objection was overruled, the trial proceeded, and the prisoner was convicted.

*R. H. Rowe*, for the People.

*W. Gleason*, for the prisoner.

*By the Court*, JAMES, P. J. It is a constitutional, as well as a statutory provision, that no person can be held to answer for a capital or otherwise infamous crime, unless on presentment or indictment of a grand jury. In this case the grand jury had presented the prisoner for the crime of rape. The indict-ment contained but a single count charging the crime in the usual form. For the trial of that offence the Court of Sessions had not jurisdiction. (2 *R. S.*, 208, 19 *Wend.*, 192.) That court can only let to bail persons indicted for crimes not triable therein, or where the indictment is found in that court, order it to the Oyer and Terminer for trial. (2 *R. S.*, 209.) It has not authority even to order a *nolle prosequi* to be entered in such a case. This does not conflict with the remark of Cowen, J., in *The People* v. *Abbott* (19 *Wend.*, 201), that "to warrant a trial at the Sessions, the District Attorney should have entered a *nolle prosequi* on the count for rape." The judge did not say when or where the *nolle prosequi* should be entered. If

sent to the Oyer and Terminer, as the statute requires, and the indictment contained separate counts for rape and assault, a *nolle prosequi* might be then entered on the count for rape, and then the cause returned to the Sessions for trial. That indictment contained counts for rape and for an assault, and what the learned judge intended, was to show that such an indictment was not triable at the Sessions, unless the counts for the higher offence were stricken out. The Court of Sessions having no power to direct a *nolle prosequi* in this case, its entry was a nullity, and the trial on the indictment was without authority and void.

But admitting the court had authority to direct a *nolle prosequi* on an indictment for an offence not triable therein, it should be to the whole count, and could not be to a part of a single count, so as to change the nature, character or degree of the sole offence charged by the grand jury. The entry on the record of a *nolle prosequi* is an act by which the prosecution declares it will proceed no further with the indictment, or with that part of it specified in the order. Its effect is to put the prisoner without day to such part, and, if to the whole, entitles him to a discharge from arrest, unless held for re-indictment, as the entry does not operate as an acquittal.

As I have before said, a *nolle prosequi* may be to the whole indictment, or to the whole of any one or more of several counts, but cannot be to a part of any one count; therefore, when a *nolle prosequi* is entered to a part of an indictment containing a single count, it operates upon the whole indictment, and entitles the prisoner to his discharge, unless held for further indictment. In this view of the case, the court proceeded in the trial without authority.

The conviction should be set aside, and the prisoner discharged.