THE PEOPLE OF THE STATE OF NEW YORK, Respondent, *v.* PETER AUSTIN, Appellant.

*People* v. *Austin*, 63 App. Div. 382, affirmed.
(Submitted February 14, 1902; decided March 25, 1902.)

APPEAL from an order of the Appellate Division of the Supreme Court in the second judicial department, made July 25, 1901, which affirmed a judgment of the Dutchess County Court rendered upon a verdict convicting the defendant of the crime of manslaughter in the second degree.

*Charles Hopkins* and *Frank B. Lown* for appellant.

*William R. Lee* for respondent.

Judgment of conviction affirmed, on opinion of HIRSCH-BERG, J., below.

Concur: PARKER, Ch. J., GRAY, O'BRIEN and CULLEN, JJ.

BARTLETT, J.' (dissenting). The appeal presents a novel question, never decided by this court. There is much to be said on either side of the controversy, and the cases in other states are conflicting. As there is no limitation of time within which a prosecution for murder must be commenced, and as an indictment for other felonies is barred in five years, it seems the reasonable, broader and more merciful construction of the statutes bearing upon this question to hold that, if the jury are unable to find the defendant guilty of murder in either degree, they must acquit if the Statute of Limitations has run against a lesser offense of which they deem him guilty. It is true the statute provides that an indictment for felony, other than murder, must be found within five years after its commission (Code of Crim. Pro. § 142), but I cannot assent to the construction that its effect is limited to the finding of an indictment.

The effect of this construction would be that a conviction for manslaughter could be had at any time, notwithstanding the statute, by simply charging the defendant in the indictment with murder. The verdict of the jury has determined that the defendant is guilty of manslaughter. It is conceded that an indictment for this offense could not have been found. because the statute forbids it.

The general policy of the state, as disclosed by the statutes, may be thus stated: Murder is so heinous a crime it can be prosecuted at any time, but as to all other felonies the statute of repose acts as a shield, lest defendants be unable to defend themselves owing to the changes wrought by time and death.

I vote for reversal.

HAIGHT and WERNER, JJ., concur.