(88 App. Div. 294.)

### PEOPLE v. TRANK et al.

(Supreme Court, Appellate Division, Third Department. November 11, 1903.)

1. CRIMINAL LAW—ABANDONMENT OF CHILDREN—INDICTMENT—SUFFICIENCY.
    Pen. Code, § 287, making it a crime for those having care or custody of a child under six years of age to abandon it, was amended by Laws 1903, p. 867, c. 376, so as to read "14" in place of "6," the amendment taking effect September 1st of that year. *Held*, that an indictment returned in June, 1903, charging the abandonment of a child under 14 years of age, stated no crime.

2. SAME—AMENDMENT—POWER OF TRIAL COURT.
    An indictment under Pen. Code, § 287, charging the abandonment of a child under 14 years of age, before the amendment (Laws 1903, p. 867, c. 376) substituting "14" for "6" took effect, could not be amended on the statement of the district attorney that the child was under 6 years of age, so as to read "6."

3. SAME.
    The action of the court could not be sustained under Code Cr. Proc. § 293, providing for amendments in case of a variance between pleading and proof in respect to time, name, or description.

4. SAME.
    Nor could it be sustained under Code Cr. Proc. § 284, providing that an indictment is sufficient when properly entitled, found by the grand jury, defendant being named, and the crime being shown to have been committed within the jurisdiction of the court prior to the indictment, and so set forth as to enable the court to pronounce conviction.

Appeal from Special Term, Warren County.

George Trank and Nellie Mahoney were convicted of abandoning a child under six years of age, and appeal. Reversed.

At a term of the Supreme Court in Warren county in June, 1903, the grand jury presented an indictment against the defendants, substantially as follows: The grand jury, etc., by this indictment accuse George Trank and Nellie Mahoney of the crime of a felony, committed as follows: The said George Trank and Nellie Mahoney, on the 13th day of May, 1903, at the town of Queensbury, in this county, then and there having the care and custody of a child under the age of fourteen years for nurture, did then and there feloniously, wrongfully, and unlawfully desert the said child, with intent wholly to abandon said child, against the form of the statute in such case made and provided, etc. To this indictment the defendants pleaded not guilty, and it was sent to the County Court for trial. When moved for trial in that court, the defendants withdrew their plea of not guilty, and demurred to the indictment on the ground that the facts stated did not con-

stitute a crime. The court, on motion of the district attorney, overruled the demurrer, and allowed the indictment to be amended by striking out the word "fourteen" therein, and inserting in lieu thereof the word "six," so that thereafter the indictment charged that the child abandoned was under six years of age. Such amendment was allowed under the objection and exception of the defendants. The defendants were thereupon required to plead to, and proceed to trial under, such amended indictment; and, the jury having rendered a verdict of guilty against them, they were sentenced to state prison for a term of years. Upon the trial the defendants further objected to the amendment of such indictment by motion for a discharge upon all the evidence, and also in arrest of judgment. From the judgment so rendered against them, the defendants take this appeal.

Argued before PARKER, P. J., and SMITH, CHASE, CHESTER, and HOUGHTON, JJ.

H. Prior King, for appellants.
W. L. Kilby, Dist. Atty., for respondent.

PARKER, P. J. At the time this indictment was found by the grand jury it was a crime to desert a child, by those who had the care or control of it, only in the event that the child was under the age of 6 years. See section 287 of the Penal Code. By chapter 376, p. 867, Laws 1903, that section was amended so as to make it a crime if the child deserted was under 14 years of age; but prior to September 1, 1903, when that amendment took effect, it was no crime to desert a child under 14 unless it was also under 6 years of age. Therefore the indictment which the grand jury presented charged no crime against the defendants. If the people had proven the desertion of a child 10 years of age, they would have established every fact stated in the indictment, and yet they would not have proven that the defendants had committed any crime. "The settled rule of criminal pleadings requires that all the elements which enter into the definition of an offense must be stated in the indictment." People v. Albow, 140 N. Y. 134, 35 N. E. 438; People v. Kane, 161 N. Y. 386, 55 N. E. 946. So the question is presented whether, when the facts stated in the indictment do not constitute any crime, the trial court may amend it by inserting therein further and other facts, which, if proven, would show that the defendants have committed a crime. I am of the opinion that such an amendment cannot be allowed. The indictment must be found by a grand jury, and, if the one which it presents does not state any act of the defendant which constitutes a crime, then no conviction can be had thereon; in other words, the trial court has no authority to find an indictment against the accused. That seems to have been the proceeding in this case. The trial court adopted the statement of the district attorney that the child was under six years of age, and so the indictment was made to conform to that fact. It was the trial judge, and not the grand jury, that found that fact, and we have no reason whatever to presume that the grand jury ever passed upon that question. These defendants were in fact tried, not upon an indictment found, but upon an information presented by the trial judge and the district attorney. That method of proceeding is not tolerated in this state, and so the judgment rendered thereon must be reversed.

The argument urged by the respondent on this appeal that the amendment was to an immaterial matter, and was within the provisions of section 293 of the Code of Criminal Procedure, is clearly not correct.   Nor can the amendment be sustained 'under any of the provisions of section 284.   As shown above, the indictment fails entirely to charge any crime, and the one upon which the defendants were tried was never presented by a grand jury.   The judgment and sentence thereon should be reversed, and, inasmuch as no conviction can lawfully be had upon the indictment as presented by the grand jury, no new trial should be ordered thereon.   The defendants should be discharged from custody, and the order entered herein should so direct.   All concur.