THE PEOPLE OF THE STATE OF NEW YORK ex rel. WILLIAM PRINCE, Respondent, against JOSEPH H. BROPHY, as Warden of Auburn State Prison, Defendant.

THE PEOPLE OF THE STATE OF NEW YORK, Appellant.

Submitted January 7, 1937; decided January 19, 1937.

*William Copeland Dodge, District Attorney (Felix C. Benvenga* of counsel), for appellant. Where jurisdiction of the court issuing the process under which the prisoner is detained is established, there can be no inquiry into the manner of its exercise. Accordingly, errors or irregularities in the exercise of jurisdiction, however serious, do not constitute want of jurisdiction. Such errors render the judgment or the mandate, which is returned as the cause of detention, voidable, but not void. They are reviewable on appeal, but not on habeas corpus

(*People ex rel. Tweed* v. *Liscomb*, 60 N. Y. 559; *People ex rel. Danziger* v. *House of Mercy*, 128 N. Y. 180; *People ex rel. Scharff* v. *Frost*, 198 N. Y. 110; *People ex rel. Hubert* v. *Kaiser*, 150 App. Div. 541; 206 N. Y. 46; *People ex rel. Doyle* v. *Atwell*, 232 N. Y. 96; *People ex rel. Friedman* v. *Hayes*, 172 App. Div. 442; *People ex rel. Bailey* v. *McCann*, 222 App. Div. 465; *People ex rel. Smith* v. *Barr*, 223 App. Div. 168; *People ex rel. Frank* v. *McCann*, 227 App. Div. 57; 253 N. Y. 221; *People ex rel. Haines* v. *Hunt*, 229 App. Div. 419; *People ex rel. Rosen* v. *Warden*, 234 App. Div. 349; *People ex rel. Holt* v. *Lambert*, 237 App. Div. 39; 262 N. Y. 511; *People* v. *Quartararo*, 76 Misc. Rep. 55.) The court acquired jurisdiction of the felony of which the prisoner was charged by the filing of the indictment, and obtained jurisdiction of the prisoner by his plea of not guilty thereto. (*People* v. *Perrin*, 170 App. Div. 375; *People ex rel. Tweed* v. *Liscomb*, 60 N. Y. 559.) Error or irregularity is not a jurisdictional defect, but merely one in the exercise of jurisdiction, which is reviewable on appeal and not on habeas corpus. (*Matter of Gregory*, 219 U. S. 210; *Matter of Watkins*, 3 Pet. 193; *Matter of Parks*, 93 U. S. 18; *Henry* v. *Henkel*, 235 U. S. 219; *People ex rel. Schneider* v. *Hayes*, 108 App. Div. 6; *People* v. *Quartararo*, 76 Misc. Rep. 55.) The defendant should not be permitted, at this late day, to take advantage of a situation that he himself brought about. He must be held to the position which he assumed and upon which he requested and secured a favorable judgment or other personal advantage. (*People* v. *Meakim*, 61 Hun, 327; 133 N. Y. 214; *People ex rel. Weiner* v. *Warden*, 237 App. Div. 28; 261 N. Y. 621; *People* v. *Schmidt*, 216 N. Y. 324.)

No appearance for respondent.

CRANE, Ch. J. On May 1, 1931, an indictment was filed in the Court of General Sessions of the County of New York against William Prince, the relator, and

Joseph Wynne and James Miller, charging them in proper counts with the crimes of robbery in the first degree, assault in the second degree, petit larceny and criminally receiving stolen property.

On June 2, 1931, after pleading not guilty to the indictment, the defendants were placed on trial. In the course of the trial the jury was withdrawn and Prince and Wynne were permitted to plead guilty of grand larceny in the second degree and the indictment was dismissed as against Miller.

On June 9, 1931, the defendants Prince and Wynne were each sentenced to State prison for a term of not less than two years and six months and not more than five years, the execution of the sentence being suspended during good behavior, and the defendants placed on probation.

On February 20, 1933, the Court of General Sessions revoked the suspension of sentence for the crime for which Prince had pleaded guilty and ordered that the sentence be executed. The prisoner was thereupon sent to Sing Sing Prison and released *on parole* on September 29, 1934.

On February 26, 1935, a second indictment was filed against Prince in the Court of General Sessions, charging in three counts the crimes of robbery in the first degree, assault in the first degree and criminally receiving stolen property. On his plea of guilty of attempted robbery in the third degree an information was filed against him pursuant to section 1943 of the Penal Law, charging the previous conviction of grand larceny in the second degree. He admitted his conviction and on March 18, 1935, was sentenced to State prison for the term of ten years, of which five years were imposed as increased punishment for being armed. (Penal Law, § 1944.)

When the defendant was received at Sing Sing Prison he was charged with owing three years, three months and eight days on the previous conviction of grand larceny in the second degree, *i. e.*, he had to make up his full

sentence on the first conviction as he had violated his parole. Prince was, therefore, detained on a judgment of conviction for grand larceny in the second degree, the first conviction, as well as on the conviction of attempted robbery in the third degree, sentenced as a second offender.

The defendant obtained a writ of habeas corpus asking his discharge from the first sentence on the ground that the judgment of the court was void as well as his plea of guilty. The point is this: The indictment charged the defendant with robbery in the first degree in that on the 3d day of March, 1931, in the night time he did make a felonious assault upon one John Marston and took from his presence his personal property amounting to $97. Section 445 of the Code of Criminal Procedure says that a defendant may be found guilty of any crime, the commission of which is necessarily included in that with which he is charged in the indictment. If the indictment had said that the $97 were taken from the person of John Marston, the defendant could have been convicted of larceny in the second degree. A person is guilty of larceny in the second degree who steals or unlawfully obtains property of any value by taking the same from the person of another. (Penal Law, § 1296.) Because the indictment failed or omitted to state that the property was taken from the *person*, and alleged that it was taken by force from the *presence* of Marston, the defendant claims that he could not be convicted of or plead guilty to larceny in the second degree.

Stealing property, no matter how taken, of the value of more than $100 and not exceeding $500 is larceny in the second degree; taking property of any value from the person is also larceny in the second degree. The stealing of Marston's $97, if not taken from his person, constituted petit larceny (Penal Law, § 1298), unless it were taken in such a way as to constitute robbery. (Penal Law, §§ 2120–2128.)

That the court had jurisdiction of the defendant and jurisdiction of the crimes charged must be conceded.

Section 1251 of the Civil Practice Act says that the court before whom the prisoner is brought by virtue of a writ of habeas corpus must make a final order discharging him from custody if no lawful cause for the imprisonment or restraint or for the continuance thereof is shown. The return in this case of the warden of Auburn State Prison shows the judgments under which the defendant is detained. The courts below have wholly discharged the prisoner from the first judgment of conviction. In this they were clearly in error. Even if the plea and the indeterminate sentence for grand larceny in the second degree were void, this did not wipe out the indictment for robbery in the first degree, assault in the second degree and the other counts in the indictment. At most the courts would have to treat the plea and the judgment as void and send the prisoner back for a retrial upon the indictment as though there had been no plea.

If convicted of robbery in the first degree, the defendant could be sentenced for not less than ten years or more than thirty years (Penal Law, § 2125), and the imprisonment which he had served under a void or improper judgment would be credited on his time pursuant to section 2193 of the Penal Law.

The Appellate Division was also in error in remanding the relator to serve the balance of the second sentence for the second crime, to wit, attempted robbery in the first degree under the indictment of February 26, 1935, as he was sentenced on the second conviction as a second offender to a straight sentence. (Penal Law, § 1943.)

If his first conviction on his plea were void, there had never been a first or previous conviction when he was sentenced in March of 1935. This point, however, was not before the court.

Such are the complications which arise if the courts below can be right in assuming that the plea to larceny, second degree, under the first indictment was void and no legal judgment followed. When the defendant was put on trial for robbery in the first degree under the indictment the court had jurisdiction of him and of the

crime charged. If the indictment had stated that the $97 were taken from the person of Marston instead of from his presence, it would have sufficiently alleged a crime of larceny, second degree, or at least this crime would have been included in the facts as alleged for robbery in the first degree. The indictment on its face was, therefore, insufficient as a larceny, second degree, indictment. The defendant asked in the midst of his trial that the court accept from him a plea of larceny in the second degree instead of continuing his case for robbery in the first degree, a much more serious charge. The plea was accepted. The defendant could have moved in arrest of judgment alleging the insufficiency of this indictment to cover the larceny in the second degree, but he did not do so. He entered upon his parole first given by the sentencing judge. Later this was revoked and he went to Sing Sing. He accepted a parole from the prison authorities and when sent back to jail for a subsequent crime, raises for the first time objection to the first indictment and to his plea thereunder. There is authority that the writ was not intended to run as against such a case. (*People ex rel. Schneider* v. *Hayes*, 108 App. Div. 6, and *People* v. *Austin*, 63 App. Div. 382; affd., 170 N. Y. 585.) In the former case the count upon which the defendant pleaded was insufficient to constitute a crime or the crime to which the defendant pleaded. The opinion states: " The relator assails the right of the People to imprison him on the judgment of conviction because, as he claims, the count in the indictment to which he pleaded guilty charges no crime, for the reason that certain allegations are omitted which are deemed by him to be essential.  *  *  *  it seems to us sufficient to say that the question cannot be presented for the first time after judgment without a motion made in arrest of judgment or by a direct appeal. The provisions of the Code of Criminal Procedure for the redress of grievances relating to jurisdictional and other defects in

the prosecution and trial of indictments are ample,
and should be deemed in this case exclusive. By section
321 of the Code of Criminal Procedure it is provided that
the only pleading allowable on the part of an indicted
defendant is either a demurrer or a plea. * * * It
thus appears that the relator might have raised the ques-
tion now presented by demurring to the indictment, or
upon the trial under a plea of not guilty, or after his
plea of guilty had been entered, upon a motion in arrest
of judgment. On the adoption of any of those courses,
an adverse decision would have been subject to appellate
review. But we do not think the relator was at liberty
to treat the indictment as sufficient, to plead guilty to
one of the counts, to permit judgment to be entered
against him upon that plea without protest or objection,
to assert, as the record in this case indicates he did, that
he had nothing to say when asked whether he had any
legal cause to show why judgment should not be pro-
nounced against him; and after judgment has been so
pronounced, with his voluntary and deliberate assent, to
procure his discharge from the sentence imposed because
of defects or irregularities of which he might have
availed himself upon the trial, or by motion in arrest of
judgment. A somewhat similar question was similarly
decided by this court in *People* v. *Austin* (63 App. Div.
382; affd., 170 N. Y. 585)." It will be noted that two
of the justices who concurred in this opinion (BARTLETT
and MILLER, JJ.) were subsequently members of this
court.

In *People* v. *Austin* the defendant was charged with
murder and convicted of manslaughter as to which the
Statute of Limitations had run, and for which he could
not either be tried or convicted. Yet the judgment was
sustained and affirmed by this court in 170 N. Y. 585.

We prefer, however, to place our decision on the follow-
ing grounds:

Robbery in the first degree is committed (Penal Law, § 2124, subd. 4) " When the offender inflicts grievous bodily harm or injury upon the person from whose possession, or in whose presence, the property is taken, * * *."

An indictment may state in different counts the accomplishment of the crime charged in various ways as long as the facts relate to the same deed or transaction. Thus, this indictment could have alleged in one count the commission of robbery in the first degree, by taking the property from the *presence* of the owner and in another count by taking the property from the *person* of the owner.

This is permitted where there may be doubt or uncertainty as to whether the facts and circumstances will show or do show one or the other to be the exact fact. (*People* v. *Young*, 207 N. Y. 522, 532, and section 279 of the Code of Criminal Procedure, 1935, and prior thereto. The present section 279 was adopted by chapter 328 of the Laws of 1936. See, also, *People* v. *Altman*, 147 N. Y. 473, 475.)

Section 295-j of the Code of Criminal Procedure, added by chapter 176 of the Laws of 1929, permits the amendment of an indictment by adding another count, such as we have just mentioned. It reads: " Upon the trial of an indictment, the court may, in its judgment, if the defendant cannot be thereby prejudiced in his defense on the merits, direct the indictment to be amended according to the proof, on such terms as to the postponement of the trial, to be had before the same or another jury, as the court may deem reasonable, by adding thereto new counts, where it is made to appear that the crimes to be charged therein relate to the transaction upon which the defendant stands indicted."

Section 293 of the Code of Criminal Procedure relates to the amendments of the indictment having reference to variances between the allegations therein in respect to time, the name or description of any place,

person or thing and the proof. As to these matters the court may permit an amendment upon the trial on such terms as to postponement as may be reasonable. To such power is now added the provisions of section 295-j, permitting the adding of a new count.

As to any of these amendments, the defendant can consent in open court or they may be made at his request, or he may waive objection to any such amendment in such a way as to amount to consent.

Where, therefore, as in this case the indictment could have been amended so as to contain a count for taking the property by force from the person of Marston, which would include the crime of larceny in the second degree, the defendant in requesting that such a plea might be accepted, in effect, waived any objection that the indictment did not contain such a count or at least consented that it be amended so as to allege such a count. An amendment, which he could have consented to or which in the discretion of the court could have been made without his consent, cannot be pleaded as a defect depriving a court of jurisdiction when he and his counsel specifically asked the court to reduce the indictment from robbery in the first degree to larceny in the second degree, and the court complied with the request.

For these reasons, the orders below should be reversed and the writ of habeas corpus dismissed.

O'BRIEN, HUBBS, LOUGHRAN and RIPPEY, JJ., concur; LEHMAN and FINCH, JJ., taking no part.

Orders reversed, etc.