Per Curiam.

The relator was convicted of murder in the second degree in the Court of General Sessions of the County of New York upon an indictment charging him with murder, first degree, for the killing of Irma Pradier on July 20, 1937. The indictment was in the common-law form in a single count. At the conclusion of the People’s case, the prosecutor asked the court to withdraw from the jury’s consideration the charge of murder in the first degree, stating that he did not feel that there was sufficient evidence of premeditation warranting a finding *237 of guilt in the first degree. This request was granted. Subsequently, in his charge, the trial judge told the jury in substance that he had withdrawn from their consideration murder in the first degree. To this disposition of the prosecution’s motion, and to the charge, the relator took no exception. The jury found the relator guilty of murder in the second degree. The court thereafter imposed sentence of imprisonment. The judgment of conviction was affirmed (People v. Chalmers, 256 App. Div. 972, 281 N. Y. 651). Reargument in the latter court was denied (281 N. Y. 676). In neither appellate court did the relator question the above rulings of the trial judge. In 1941, the relator then in prison under this sentence, made another motion in the Court of Appeals for reargument, distinctly basing his right to such reargument on the action of the trial judge in withdrawing from the jury’s consideration murder, in the first degree. That motion was denied. (286 N. T. 673.)
In this habeas corpus proceeding, Chalmers still insists that the trial judge, when he granted the motion “ to dismiss as to murder in the first degree,- and maintain all the other allegations in the indictment, sufficient for the presentation to the jury as to the other degrees of homicide ”, and in his charge said “ While this indictment charges homicide, murder in the first degree, under its allegations, the Court can, when its judgment so dictates, submit any degree of homicide necessarily there involved. And the Court has taken from your consideration murder in the first degree, and with that you are not concerned ”, actually dismissed part of a single count indictment, and so dismissed the entire indictment. We do not consider that what the trial court did, amounted to an amendment, or dismissal of part, of this indictment, but rather that what was done was merely to withdraw from the jury’s consideration the charge of murder, first degree, and to submit the other degrees of homicide embraced within the allegations of the indictment (Code Crim. Pro., §§ 444, 445). To make such decisions as Ex Parte Bain (121 U. S. 1) and People v. Porter (4 Parker Cr. Rep. 524) applicable, would be to wrench them from their settings. Even if it be assumed that what the trial judge did was unauthorized, at the most, it was a mere irregularity to be reviewed on appeal (People v. Motello, 157 App. Div. 510). Such an irregularity, if it were such, would not be sufficient to sustain this writ of habeas corpus.
All concur. Present — Taylor, P. J., Dowlihg, Harris, McCurh and Larkih, JJ.
Order affirmed, without costs of this appeal to either party.