THE PEOPLE OF THE STATE OF NEW YORK, Plaintiff, *v.* LEROY H. FISKE, Defendant.

County Court, Columbia County, January 3, 1949.

*Thomas P. Kennedy, District Attorney,* for plaintiff.

*Michael LeSawyer* for defendant.

CONNOR, J.   The Grand Jury of the County of Columbia, by an indictment handed up to the Supreme Court, indicted Leroy H. Fiske for the crime of forgery first degree contrary to subdivision 5 of section 884 of the Penal Law.   This indictment was by the District Attorney of this county moved into the County Court for trial or other disposition.   By an order to show cause issued by this court, the defendant was directed to show cause why the indictment should not be changed from violation of subdivision 5 of section 884 to a violation of subdivision 6 of section 884.   The District Attorney of this county has sworn to an affidavit, and his secretary has also sworn to an affidavit that the subdivision of the section claimed to be violated was put into the paper entirely through inadvertence and mistake and that the same occurred either in the dictation or in the transcribing of the notes of said dictation.   The court has every reason to believe that the affidavits of the District Attorney and his secretary are absolutely true.

At common law there was no power in a court to amend or modify an indictment.   The courts construed strictly those sections of both our Federal and New York State Constitutions which hold that " no person shall be held to answer for a capital or otherwise infamous crime   *   *   *   unless on indictment of a grand jury ".   (N. Y. Const., art. I, § 6; U. S. Const., 5th Amendt.; *People* v. *Herman,* 45 Hun 175; *People* v. *Motello,* 157 App. Div. 510.)

By various sections of the Code of Criminal Procedure, sections 293 through 295-l, the Legislature of the State of New York attempted to modify the strict rule of the common law

and provided that in certain instances "the court　＊　＊　＊　in its judgment, if the defendant cannot be thereby prejudiced in his defense on the merits" might amend or modify the indictment. (§ 295-j.) The purpose of these amendments was to promote the ends of justice by rendering of no avail a purely technical objection without depriving a defendant of any substantial right. (*People* v. *Johnson,* 104 N. Y. 213.) But even under these sections of the Code of Criminal Procedure, the court had no power to amend an indictment so as to charge a different crime from that charged in the indictment. (*People* v. *Trank,* 88 App. Div. 294.) The court could never amend the identity of the offense, but could only amend the description of the offense. (*People* v. *Grout,* 91 Misc. 451.) Where a court attempted to amend an indictment from that of larceny of a bank check to that of larceny of the proceeds of the bank check, the Court of Appeals under these sections held the amendment unauthorized. (*People* v. *Geyer,* 196 N. Y. 364.)

But a recent decision of the Court of Appeals of this State has made it unnecessary for this court to differentiate the cases by interpreting these sections, for in an opinion written by LEHMAN, Ch. J., these sections have been held by inference to be unconstitutional and in violation of section 6 of article I of our State Constitution.

In the case of *People ex rel. Wachowicz* v. *Martin* (293 N. Y. 361, 364, decided in 1944), the court said: "The Legislature cannot confer upon the courts jurisdiction which the Constitution commands shall not be exercised by the courts. Since the Constitution commands that no person may be held to answer for a felony ' unless on indictment of a grand jury ', the Legislature cannot authorize a court to pronounce judgment convicting a person of an infamous crime upon the plea of guilty ＊　＊　＊　nor may it authorize a court to amend an indictment to include an accusation of criminal acts independent of any accusations presented by the Grand Jury in the indictment. *We need not now decide whether, by section 295 of the Code of Criminal Procedure, the Legislature intended to confer a power of amendment so broad. It could not do so.*" (Italics supplied.)

I am, therefore, with great reluctance, especially in view of the defendant's objection to the amendment, forced to deny the application of the District Attorney for the amendment, for to do so would in my opinion require the defendant to stand trial for an infamous crime for which he has not been indicted.