THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. NATHAN PORTNER, Appellant.— On March 30, 1950, an indictment containing two counts was filed against defendant. The first count charged defendant with violating section 1292-a of the Penal Law (grand larceny, first degree) in that on March 17, 1950, with intent to defraud he made and delivered a worthless check for $1,075 to Island Chevrolet, Inc., and thereby obtained from the payee a 1947 Chevrolet automobile. The second count charged defendant with the crime of grand larceny, first degree, in that on March 17, 1950, " in the manner and by the means aforesaid " he stole, took and obtained from the possession of the Island Chevrolet, Inc., the 1947 Chevrolet automobile of the value of $1,075. On arraignment, defendant pleaded not guilty. On July 5, 1950, he withdrew his plea of not guilty and pleaded guilty to the crime of grand larceny, second degree, under the first count. There was a motion to dismiss the second count but decision was reserved and the count was never actually disposed of. On August 4, 1950, defendant appeared for sentence. His counsel moved for leave to withdraw the plea of guilty and to substitute a plea of not guilty, but the motion was denied. Defendant was sentenced to a term of two and one half to five years in State prison. He appeals from the judgment of conviction, and from the decision and order denying his motion to withdraw the plea of guilty. Judgment unanimously affirmed. Although the first count of the indictment does not allege the value of the property obtained by means of the worthless check, it is nevertheless sufficient. It states the title of the action, the name of the court, the names of the parties, and the specific crime charged, a violation of section 1292-a of the Penal Law, constituting grand larceny in the first degree. (Code Crim. Pro., §§ 295-b, 295-c, 295-d.) It also states sufficient facts to identify the crime charged and to assure the defendant that his conviction will prevent a subsequent charge of the same offense. (Code Crim. Pro., §§ 284, 285; *People* v. *Farson,* 244 N. Y. 413; *People* v. *Williams,* 243 N. Y. 162.) Defendant made no objection to the indictment before judgment (Code Crim. Pro., § 331) and consequently waived the objection presented on this appeal. (*People* v. *Willett,* 213 N. Y. 368–375; *People* v. *Wiechers,* 179 N. Y. 459; *Pierson* v. *The People,* 79 N. Y. 424, 429; *Francisco* v. *Little Falls Dairy Co.,* 163 Misc. 165.) See, also, *People ex rel. Prince* v. *Brophy* (273 N. Y. 90). Appeal from decision and order denying motion to withdraw plea of guilty dismissed. (Cf. *People* v. *Olstein,* 252 App. Div. 795.) Nolan, P. J., Adel, Wenzel and MacCrate, JJ., concur; Johnston, J., concurs as to dismissal of the appeal from the decision and order, and as to the judgment, he concurs

on the sole ground that when defendant requested that the plea of guilty to grand larceny in the second degree on the first count be accepted he, in effect, consented that that count be amended to allege that the value of the property he obtained by means of the worthless check was more than $100. (*People ex rel. Prince* v. *Brophy*, 273 N. Y. 90, 98–99.)