THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v.
LAWRENCE R. HOOTER, Appellant.

Fourth Department, July 8, 1953.

*A. Thorne Hills* for appellant.

*Jack E. Gellman, District Attorney (William H. Earl* of counsel), for respondent.

KIMBALL, J. The appellant was convicted of burglary in the second degree and assault in the third degree. We conclude, upon the record presented, that the verdict cannot be sustained and that there should be a new trial. However, we will not at this time point out the reasons for this conclusion because of the fact that appellant has raised a fundamental question as to the power and authority of the court to amend the indictment found by the Grand Jury and place the defendant on trial under such amended indictment. The indictment as handed up by the Grand Jury was a common-law indictment in two counts. The first count charged the defendant with the crime of burglary in the first degree by alleging a felonious breaking and entering of a dwelling house in the nighttime " with intent to commit an assault ". The second count charged assault in the second degree, alleging that defendant did " attempt to perpetrate an act of sexual intercourse " upon the person of a woman. The defendant had pleaded not guilty. Upon the acceptance of the jury and before the openings, the District Attorney moved to amend both counts of the indictment by charging burglary in the second degree instead of burglary in the first degree under the first count and by charging assault in the third degree instead of assault in the second degree in the second count. The District Attorney stated that the allegations of the indictment did not make out the crime of burglary in the first degree and that the allegations in the second count

did not properly charge assault in the second degree. No objection was made by the defendant and the court thereupon ordered the indictment to be so amended.

As a result of this amendment by the court, the defendant was tried and convicted upon an indictment not found by the Grand Jury and tried and convicted of crimes other than those set forth in the indictment. (U. S. Const., 5th Amendt.; N. Y. Const., art. I, § 6.) The question is therefore presented as to whether there is any inherent or statutory authority in the court (whether constitutional or not) by which it may place itself in substitution of the Grand Jury and bring a defendant to trial upon an indictment not found by the Grand Jury but upon one found by the court upon the statement and motion of the prosecuting officer. There is nothing in the record which indicates that the defendant was arraigned upon the amended indictment or that he ever made plea thereto. Apparently no issue was joined by a plea to the charges in the indictment, as amended by the court.

As stated above, this indictment was a common-law indictment, not a simplified indictment provided for pursuant to chapter III-A of title V of part IV of the Code of Criminal Procedure. As such it was good and sufficient since the Legislature has specifically so provided. (Code Crim. Pro., § 295-a.) There was no bill of particulars nor was the defendant entitled to one, as he would have been had the indictment been one pursuant to chapter III-A of title V of part IV of the Code of Criminal Procedure. (§ 295-g.) At common law, a court had no power whatever to amend an indictment. (*People* v. *Van Every,* 222 N. Y. 74; *People* v. *Motello,* 157 App. Div. 510.) It was stated in *Matter of McDonald* v. *Sobel* (272 App. Div. 455, 457, affd. 297 N. Y. 679): "The authority for the exercise by a County Judge of power to make an order in a criminal case must be found in the Code of Criminal Procedure. Power must be conferred upon him expressly or impliedly by statute." The power of the court to amend an indictment of the Grand Jury upon which a defendant is brought to trial must be found in some statute. Prior to 1929, an amendment to an indictment was allowed by section 293 of the Code of Criminal Procedure. This section was held to be constitutional. (*People* v. *Johnson,* 104 N. Y. 213.) The only amendment permitted by this section was " when a variance between the allegation therein and the proof, in respect to time, or in the name or description of any place, person or thing, shall appear ". The general purpose of section 293 was set forth in *People* v.

*Geyer* (196 N. Y. 364). It is patent that this section gives no power to make the amendment which was ordered in this case. There was no variance between the allegations and the proof. No proof was made. The amendment was not in respect to time or name or description of any place, person or thing. Search must be made for some other statute giving the power.

By chapter 176 of the Laws of 1929, the Legislature enacted chapter III-A of title V of part IV of the Code of Criminal Procedure. By section 295-j of such chapter, it is provided: " Upon the trial of an indictment, the court may, in its judgment, if the defendant cannot be thereby prejudiced in his defense on the merits, direct the indictment to be amended according to the proof, on such terms as to the postponement of the trial, to be had before the same or another jury, as the court may deem reasonable, by adding thereto new counts, where it is made to appear that the crimes to be charged therein relate to the transaction upon which the defendant stands indicted."

It may be questionable whether the Legislature intended that section 295-j should be applicable to common-law indictments. That question is not here passed upon nor is it necessary for the decision herein to pass upon it. Neither is it necessary to consider whether such section would stand the constitutional test. It is sufficient to say that, in our opinion, whether applicable or not and whether constitutional or not, the section gave no power to the court to change the charges made by the Grand Jury; to bring a defendant to trial upon an information of the court in place of an indictment of the Grand Jury, in advance of any proof and without arraignment and plea. Section 295-j is explicit in its terms that the amendment permitted must be " according to the proof ". There was no proof but merely the statement of the prosecuting officer that the allegations of the indictment were insufficient to sustain the crimes charged. There were no " new counts " added to the indictment. There were two counts in the original indictment and there were two after the amendment. Had the Legislature intended to permit a change in the counts found by the Grand Jury, it undoubtedly would have said so. The Legislature was probably aware of the constitutional question which would have presented itself. However that may be, all that section 295-j authorizes is " added " counts. That can only mean counts added to those already in the indictment which the Grand Jury handed up. If, in a proper case, new counts are added after proof is made, the original counts remain as the Grand Jury found them and do not, by the addition of new ones, dissolve into thin air. We

conclude that section 295-j is no authority for the order of amendment made in this case. In passing, attention is called to the fact that the mandatory provisions of section 295-k were not complied with.

Sections 444 and 445 of the Code of Criminal Procedure and section 610 of the Penal Law make provision that a jury may find a defendant guilty of an inferior degree of the crime charged or of an attempt or of a crime, the commission of which is necessarily included in that with which he is charged in the indictment. These sections are merely a codification of the common law and relate to the powers of the jury, not the court. (*People* v. *Miller,* 143 App. Div. 251, affd. 202 N. Y. 618.) Also at common law, the court has the inherent power to accept a plea of guilty to a lesser degree or to a crime which is embraced within that set forth in the indictment. (*People* v. *Simmons,* 130 Misc. 821.) Section 671 of the Code of Criminal Procedure gives authority to the court, on its own motion or upon application of the District Attorney, in the furtherance of justice, to dismiss an action after indictment. Section 313 of the Code of Criminal Procedure, sets out when an indictment shall be set aside by the court. None of the sections above mentioned is in any way related to the power of the court to amend or change an indictment of a grand jury.

The District Attorney, on this appeal, argues that by the amendment, no new crimes were charged but that the crimes charged in the amended indictment were embraced within the elements charged in the original indictment. That may be so but the fact remains that by the amendment, the defendant was charged with crimes other than those found by the Grand Jury. In *People* v. *Miller* (143 App. Div. 251, affd. 202 N. Y. 618, *supra*) the opinion of the Appellate Division, referring to section 444 of the Code of Criminal Procedure, said (pp. 253–254): " As explained in *Dedieu* v. *People* (*supra*) [22 N. Y. 178], it was adopted, not to establish a new rule of law, but, out of ' abundant caution,' to insure the application of the well-established common-law rule to the new system of nomenclature adopted by the revisers whereby certain offenses of the same generic character were designated numerically as different degrees of the same crime. *Since each of these degrees constituted a separate crime* it was apprehended that it might be claimed that a person indicted for one degree of crime could not be convicted of any other, although it should be an inferior degree of the same generic crime. If it had been so held it would have produced an inconvenience which had not existed

at common law." (Emphasis supplied.) We have examined the cases cited by respondent. They are not in point. In *People ex rel. Poulos* v. *McDonnell* (302 N. Y. 89, 92), a proceeding in habeas corpus, the majority opinion mentioned, obiter, that there might have been an amendment under section 295-j. There was none and the court said: " it is unnecessary to consider what might have been the effect had the indictment been amended to allege an additional count." In *People ex rel. Prince* v. *Brophy* (273 N. Y. 90), another habeas corpus proceeding, there was no amendment under section 295-j. The defendant requested he be permitted to plead guilty to a lesser offense. He waived any objection by his request and plea of guilty.

On the other hand, there is authority which denies the court the power to alter, change or amend an indictment resulting in the defendant being tried upon a charge not found by the Grand Jury. (*People* v. *Poucher,* 30 Hun 576; *People* v. *Geyer,* 196 N. Y. 364.) In *People* v. *Trank* (88 App. Div. 294) the court said: " In other words, the trial court has no authority to *find* an indictment against the accused. * * * These defendants were in fact tried, not upon an indictment found, but upon an information presented by the trial judge and the district attorney." In *People* v. *Motello* (157 App. Div. 510, *supra*), the indictment charged murder with " malice aforethought ". The indictment was amended by striking out the words " malice aforethought ", on motion of the District Attorney. The court said (p. 511): " In effect this amendment changed substantially the bill found by the grand jury, and, therefore, was beyond the power of the court, especially in the face of the objection of the defendant. [Citing cases.] It matters not that the effect of such amendment was to change the indictment from murder to the lesser crime of manslaughter, for the reason that the principle violated rests not upon the effect of the amendment, *but upon the fact of any amendment.*" (Emphasis mine.) As authority, the opinion cited *Ex Parte Bain* (121 U. S. 1) on the constitutional question.

In the case of *People* v. *Miles* (289 N. Y. 360), the defendant was indicted on four counts. At the close of the People's case, a fifth count was added by the court on motion of the District Attorney, pursuant to the purported authority of section 295-j of the Code of Criminal Procedure. The added count followed the language of the fourth charging the contriving of a lottery. The date alleged in the original indictment was May 4, 1938. The added count alleged the date of May 9, 1938. Acquitted upon all four of the original counts, the defendant was convicted upon the added or " fifth " count. It was held that the " fifth "

count was void and contravened the Fifth Amendment of the United States Constitution and section 6 of article I of the New York Constitution. Judge Lewis, now Chief Judge, said (p. 363): "The change went to the substance of the accusation and was so treated at the trial. As such it was not an accusation by a grand jury as required by the constitutional provision quoted above." (Citing *Ex Parte Bain*, 121 U. S. 1, *supra*.) It was also held that consent to the amendment constituted no waiver of the right to challenge the practice, citing *People ex rel. Battista* v. *Christian* (249 N. Y. 314). In the case before us, we do not reach the constitutional question since there was no added count which is all section 295-j authorizes. See, also, the ruling of the court in *People* v. *Fiske* (194 Misc. 62) where the motion to amend the indictment was denied on the ground that it would require defendant to stand trial for an infamous crime for which he was not indicted.

The judgment of conviction should be reversed on the law and a new trial had upon the original indictment found by the Grand Jury. The reversal annuls and expunges the judgment and record of the former trial. The original indictment is unimpaired and untried and the defendant may be brought to trial thereon. (*People* v. *Motello,* 157 App. Div. 510, 512, *supra*; *People* v. *Palmer,* 109 N. Y. 413, 419; *People* v. *Poucher,* 30 Hun 576, *supra*.)

PIPER, J. (dissenting). I agree that there should be a new trial but do not agree that the amendment of the indictment was error. The amendment to each count alleged the same facts as were alleged in the original indictment; the only change was to the degree of the crime charged, the amendment in each case charging a lesser degree. The defendant was not prejudiced in any way, in fact he was assured by the amendment that if convicted his punishment would be less than if convicted of the higher degree alleged in the original indictment. The effect of the amendment was to add two new counts charging burglary in the second degree and assault in the third degree alleging the identical facts set forth in the original indictment, and dismissing the counts of first degree burglary and second degree assault.

There are statements from three opinions in the Court of Appeals which I read as authority for the amendment here made:

"As to these matters [amendments permitted by section 293] the court may permit an amendment upon the trial on such terms as to postponement as may be reasonable. To such power is now added the provisions of section 295-j, permitting the

adding of a new count. As to any of these amendments, the defendant can consent in open court or they may be made at his request, or he may waive objection to any such amendment in such a way as to amount to consent." (*People ex rel. Prince* v. *Brophy,* 273 N. Y. 90, 99.)

" We have not overlooked the rule of *People ex rel. Prince* v. *Brophy* (273 N. Y. 90), upon which the District Attorney relies. There it could fairly be said that a new count, which was suggested (p. 99) as one which might have been added by an amendment, came within the provisions of section 295-j, *id.,* as being related ' to the transaction upon which the defendant stands indicted.' " (*People* v. *Miles,* 289 N. Y. 360, 364.)

" It is also true that the indictment might have been amended by the addition of a new count, namely, assault in the third degree, had the statutory procedure been carried out (Code Crim. Pro., §§ 295-j, 295-k), in view of the fact that such count would merely be an inferior degree of the same generic crime with which they were already charged — assault (in the second degree) — or, in the words of the statute, it relates ' to the transaction upon which the defendant stands indicted ' ". (*People ex rel. Poulos* v. *McDonnell,* 302 N. Y. 89, 92.)

In my view of the law as set forth in the above statements of the Court of Appeals the indictment was properly amended and the new trial of the defendant should be on the amended indictment and not on the original indictment.

All concur with KIMBALL, J., except PIPER, J., who votes for reversal and for a new trial on the amended indictment, in opinion. Present — McCURN, J. P., VAUGHAN, KIMBALL, PIPER and WHEELER, JJ.

Judgment of conviction reversed on the law and a new trial on the original indictment granted.