■ ROBERT MURPHY, Appellant, v. CONSOLIDATED EDISON COMPANY OF NEW YORK, INC., Defendant-Respondent and Third-Party Plaintiff. CHAMPION CONSTRUCTION ENGINEERING Co., INC., Third-Party Defendant.— In an action by an employee of a subcontractor on a building which was being altered and repaired to recover damages for personal injuries against the owner and general contractor, the appeal is from so much of a judgment as was entered on a dismissal of the complaint at the close of the entire case. Appellant presented his case solely on the theory that respondent was guilty of negligence under section 240 of the Labor Law. Judgment insofar as appealed from unanimously affirmed, with costs. No opinion. Present — Nolan, P. J., Wenzel, Beldock, Murphy and Ughetta, JJ.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. BENJAMIN ENGLESE, True Name BENJAMIN DOMINICK ENGLESE, Appellant.— Appeals (1) from a judgment of conviction rendered by the County Court, Queens County, resentencing appellant *nunc pro tunc* for violation of section 1897 of the Penal Law (carrying a dangerous weapon as a misdemeanor), after the vacating of a judgment of conviction rendered by said court on April 24, 1953 on his plea of guilty to the crime of violation of section 1897 of the Penal Law (carrying a dangerous weapon as a felony), and (2) from so much of an order of said court directing that appellant be produced in court for the purpose of vacating the judgment rendered April 24, 1953, as directs resentence and as denies his motion for leave to withdraw his plea of guilty. Judgment affirmed. No opinion. No separate appeal lies from the order, which has been reviewed on the appeal from the judgment of conviction. Nolan, P. J., Ughetta, Hallinan and Kleinfeld, JJ., concur; Wenzel, J., dissents and votes to reverse the judgment and the remit the matter to the County Court for further proceedings as indicated in the following memorandum: Appellant was convicted of a felony on his plea of guilty to an indictment charging him with a felony. Thereafter, on appellant's motion the judgment was vacated, and the indictment, without a formal amendment, was considered in effect to be amended to be one charging him with a misdemeanor. To said "amended" indictment appellant had never pleaded, but his motion to withdraw his plea of guilty to the original indictment was denied, and he was resentenced for the commission of a misdemeanor on his plea of guilty to the original felony indictment. I shall assume that the original indictment was not void and that appellant, by failing to object to the indictment before sentence was first imposed and by pleading guilty, waived any objection that the original indictment was defective or irregular (see, e.g., *People* v. *Portner*, 278 App. Div. 787). Nevertheless, appellant might have preferred to plead guilty to a felony indictment in consideration of possible leniency on sentence, whereas he might be willing to hazard the risk of conviction on trial for a misdemeanor. Since the original judgment was vacated, without any appeal therefrom by the District Attorney, the appellant should not have been resentenced for a misdemeanor but should have been allowed to withdraw his plea of guilty. Since the original judgment was vacated, appellant's motion for leave to withdraw his plea of guilty was presented for consideration "before judgment", as provided in section 337 of the Code of Criminal Procedure, as well as before the time that he commenced serving under the prison term imposed originally, since said sentence was to run consecutively with other sentences previously imposed.