Bebjamih Gassmah, J.
This is a motion in the nature of a writ of error coram nobis. The record discloses that on October 27, 1954, the defendant was indicted on three counts charging (1) feloniously selling a narcotic drug; (2) feloniously possessing a narcotic drug with intent to sell; and (3) feloniously possessing a narcotic drug. On November 8, 1954, the defendant was arraigned and pleaded not guilty. Thereafter, on January 10, 1955, the Grand Jury handed down a superseding indictment, charging the defendant with (1) an attempt to commit the crime of feloniously selling a narcotic drug; (2) feloniously possessing a narcotic drug with intent to sell; and (3) feloniously possessing a narcotic drug. He was arraigned on January 14, 1955, and pleaded not guilty. Thereafter, he went to trial on February 17, 1955, and during the trial pleaded guilty to an attempt to feloniously sell a narcotic drug, under the first count of the superseding indictment. On March 31, 1955, when he appeared for sentence, the District Attorney filed an information charging the defendant with two prior felony convictions, and he was sentenced as a third offender to State prison for a term of not less than five years nor more than seven years.
On December 15,1958, the defendant moved to be resentenced, on the ground that he should have been sentenced as a second felony offender and not a third felony offender. On December 19, 1958, that motion was granted and he was resentenced to a term in State prison of not less than four years and not more than five years, nunc pro tunc as of March 31,1955.
In his present application, the defendant contends that the superseding indictment, to which he pleaded, was invalid because it was not filed pursuant to any order of the court, citing People v. Kuehn (5 A D 2d 516). That case has no application to the instant case. The Kuehn case did not involve a superseding indictment. In that ease, the defendant was charged in a long form or statutory indictment with the crime of assault in the second degree. At the end of the entire case, the defendant moved to dismiss the indictment and the trial court, while granting the motion to dismiss, said: “ I wish to direct that the indictment be amended to conform to the proof as I view it, by adding thereto a count of Assault in the third Degree. I am doing this under the authority of Section 295-J of the Criminal Code”. The trial court then dictated into the record a new count charging assault in the third degree and the defendant was convicted on that count.
The Appellate Division reversed the conviction and dismissed the indictment, holding that section 295-j of the Code of Criminal Procedure referred to simplified indictments only and not to *366 ■the long form of statutory indictment under which the defendant was tried. The appellate court held that a long form or statutory indictment may be amended under section 293 of the Code of Criminal Procedure only to the extent that there is a variance as to (1) time, (2) name, or (3) description of any place, person or thing, and then only subject to the condition that the defense will not be prejudiced on the merits (People v. Ercole, 308 N. Y. 425, 432, 433 ; People v. Hooter, 282 App. Div. 398, 400); that by dictating a new count, charging assault in the third degree, the trial court substituted itself for the Grand Jury and that therefore, the defendant was tried and convicted under an indictment not found by the Grand Jury, but on one found by the court. The Appellate Division held that the trial court could not do that. (People v. Motello, 157 App. Div. 510, 511.)
The instant case does not involve the amendment of the indictment by the court. It involves a superseding indictment handed down by a Grand Jury. While there is no specific provision in the Code of Criminal Procedure referring directly to the procedure governing the filing of superseding indictments, superseding indictments, as such, are authorized by implication. (See Code Crim. Pro., § 292-a.) The defendant’s contention that the superseding indictment is invalid because it was not filed pursuant to any order of the court, has no basis in law.
In People v. Sutherland (179 Misc. 1020) the court said:
" We cannot agree with the defendants’ contention that the superseding indictment was a nullity because it was obtained by the District Attorney without having first received permission from the court to resubmit the case to the grand jury. An order for resubmission is required after the original indictment is set aside by the court on motion (Code Crim. Pro., §§ 313, 317), or upon demurrer (§§ 323, 327), or when the grand jury fails to indict (§ 270), or when the court discharges the jury pursuant to the provisions of section 400 of the Code of Criminal Procedure.
‘' An order granting leave to resubmit, however, is not necessary when the original indictment is not dismissed or set aside, but is superseded only. (Code Crim. Pro., § 292-a; People v. Rosenthal, 197 N. Y. 394, 401.)”
Similarly, in People v. Benson (208 Misc. 138, 148), the court said: “ Both at common law and under the interpretation given to section 292-a of the Code of Criminal Procedure, a superseding indictment can be obtained without an order, of the court as often as the District Attorney may choose. And, it makes no *367 difference whatsoever whether the superseding indictment corrects a factual or legal defect in the first indictment ”.
Accordingly, the defendant’s motion is in all respects denied. The District Attorney is directed to enter an order in accordance with this decision and to forward a certified copy thereof to the defendant.