The People of the State of New York, Appellant, *v.* Anniello Ercole, Also Known as " T ", Respondent.

Argued February 25, 1955; decided April 21, 1955.

*Edward S. Silver, District Attorney (Aaron Nussbaum, Aaron E. Koota* and *Jerome C. Ditore* of counsel), for appellant. I. The amendment affected no substantial right of defendant. (*People* v. *Karp,* 298 N. Y. 213; *People* v. *Ramistella,* 306 N. Y.

379; *People* v. *Vanderborg,* 277 App. Div. 795, 301 N. Y. 750.)
II. The amendment was authorized by section 295-j of the Code
of Criminal Procedure. (*People* v. *Rugg,* 98 N. Y. 537; *People*
v. *Noblett,* 244 N. Y. 355; *People ex rel. Prince* v. *Brophy,* 273
N. Y. 90; *People ex rel. Pincus* v. *Adams,* 274 N. Y. 447; *People*
v. *Katz,* 209 N. Y. 311; *People* v. *Dumar,* 106 N. Y. 502; *People*
*ex rel. Hirschberg* v. *Supreme Court,* 269 N. Y. 392.) III. The
amendment was a proper exercise of judicial discretion under
the statute. (*People* v. *Miles,* 289 N. Y. 360; *People ex rel.*
*Wachowicz* v. *Martin,* 293 N. Y. 361.) IV. Section 295-j of the
Code of Criminal Procedure is applicable alike to simplified, as
to common-law indictments. (*People* v. *Rakiec,* 289 N. Y. 306;
*People ex rel. Prince* v. *Brophy,* 273 N. Y. 90; *People* v. *Miles,*
289 N. Y. 360; *People* v. *Florence,* 146 Misc. 152, 146 Misc. 735;
*People* v. *Dumar,* 106 N. Y. 502; *People* v. *Miller,* 169 N. Y. 339;
*People* v. *Bogdanoff,* 254 N. Y. 16; *People ex rel. Poulos* v.
*McDonnell,* 302 N. Y. 89; *People* v. *Karp,* 298 N. Y. 213; *People*
v. *Ramistella,* 306 N. Y. 379; *People* v. *Barsh,* 281 App. Div.
1042; *People* v. *Hooter,* 282 App. Div. 398.) V. The amendment
was " according to the proof " pursuant to the requirement of
section 295-j of the Code of Criminal Procedure. (*People* v.
*Levine,* 297 N. Y. 144; *People* v. *McLaughlin,* 291 N. Y. 480;
*People* v. *Adler,* 140 N. Y. 331; *People* v. *Lewis,* 132 App. Div.
256; *People* v. *Johnson,* 104 N. Y. 213; *People* v. *Herman,* 45
Hun 175; *People* v. *Scanlon,* 132 App. Div. 528.) VI. Although
the amendment at bar was made pursuant to section 295-j, it was
allowable also under section 293 of the Code of Criminal Pro-
cedure. (*People* v. *Bromwich,* 200 N. Y. 385; *People* v. *Geyer,*
196 N. Y. 364; *People* v. *Poucher,* 30 Hun 576, 99 N. Y. 610;
*People* v. *Grout,* 91 Misc. 451.) VII. As to mere formal defects,
it should be noted that the right to amend was exercised even
at common law. (*People* v. *Johnson,* 4 N. Y. Crim. Rep. 591,
104 N. Y. 213; *People* v. *Geyer,* 196 N. Y. 364; *People* v. *Brom-*
*wich,* 200 N. Y. 385; *People* v. *Miles,* 289 N. Y. 360; *People* v.
*Goyette,* 282 App. Div. 980.) VIII. Section 1290-a of the
Penal Law and section 295-j of the Code of Criminal Procedure
are *in pari materia.* The amendment was in aid of the
legislative purpose behind these statutes. (*Smith* v. *People,*
47 N. Y. 330; *People ex rel. Jackson* v. *Potter,* 47 N. Y. 375;
*People* v. *Peckens,* 153 N. Y. 576; *People* v. *Rugg,* 98 N. Y.

537; *People ex rel. Wood* v. *Lacombe,* 99 N. Y. 43.) IX. Defendant waived the defect of pleading in the original indictment by failure to demand a bill of particulars. (*People* v. *Giordano,* 114 Misc. 62; *People* v. *Willett,* 213 N. Y. 368; *People* v. *Ramistella,* 306 N. Y. 379; *People* v. *Vanderborg,* 277 App. Div. 795, 301 N. Y. 750; *People* v. *Bogdanoff,* 254 N. Y. 16; *People* v. *Rosen,* 251 App. Div. 584, 275 N. Y. 627; *People* v. *Florence,* 146 Misc. 152, 146 Misc. 735; *People ex rel. Todak* v. *Hunt,* 153 Misc. 783; *People* v. *Rubin,* 170 Misc. 969; *People* v. *Wright,* 172 Misc. 860.) X. Defendant waived objection by his failure to move for a dismissal on the prosecutor's opening statement. (*People ex rel. Prince* v. *Brophy,* 273 N. Y. 90; *People* v. *Wiechers,* 179 N. Y. 459.) XI. Should the decision of the Appellate Division be upheld by this court, the constitutional protection against double jeopardy will probably bar a second trial. (*People ex rel. Stabile* v. *Warden of City Prison,* 202 N. Y. 138; *People ex rel. Meyer* v. *Warden of Nassau Co. Jail,* 269 N. Y. 426; *People ex rel. Blue* v. *Kearney,* 292 N. Y. 679; *People* v. *Goldfarb,* 152 App. Div. 870, 213 N. Y. 664.)

*Edward H. Levine, Abraham Brodsky* and *Vernon C. Rossner* for respondent. I. The amendment of the indictment under the circumstances not only nullified the legislative restriction contained in section 1290-a of the Penal Law, but also deprived respondent of his rights under the State and Federal Constitutions. (*Matter of McDonald* v. *Sobel,* 272 App. Div. 455, 297 N. Y. 679; *People* v. *Bogdanoff,* 254 N. Y. 16; *People* v. *Hooter,* 282 App. Div. 398; *People ex rel. Prince* v. *Brophy,* 273 N. Y. 90; *People ex rel. Poulos* v. *McDonnell,* 302 N. Y. 89; *People* v. *Lobel,* 298 N. Y. 243; *People* v. *Karp,* 298 N. Y. 213; *People* v. *Williams,* 243 N. Y. 162; *People* v. *Farson,* 244 N. Y. 413; *People ex rel. Battista* v. *Christian,* 249 N. Y. 314; *People* v. *Miles,* 289 N. Y. 360; *People ex rel. Wachowicz* v. *Martin,* 293 N. Y. 361.) II. The power to amend under section 295-j explicitly provides that amendment is allowed only " according to the proof ". (*People* v. *Goyette,* 282 App. Div. 980; *People* v. *Hooter,* 282 App. Div. 398; *People* v. *Lobel,* 298 N. Y. 243.) III. The Legislature, by specifically providing how larceny indictments were to be pleaded and proved, gave a clear mandate that no earlier general provision for amending indict-

ments was intended to nullify the later specific enactment prompted by public policy. (*People* v. *Karp*, 298 N. Y. 213; *People* v. *Lobel*, 298 N. Y. 243; *People ex rel. Sheldon* v. *Board of Appeals*, 234 N. Y. 484; *People ex rel. Barnes* v. *Warden of Workhouse*, 127 Misc. 224; *People* v. *Vanderborg*, 277 App. Div. 795, 301 N. Y. 750; *People* v. *Ramistella*, 306 N. Y. 379; *Zink* v. *People*, 77 N. Y. 114; *People* v. *Dumar*, 106 N. Y. 502; *People* v. *Brown*, 191 App. Div. 708; *People* v. *Cohen*, 148 App. Div. 205; *People* v. *Noblett*, 244 N. Y. 355; *People* v. *Miller*, 169 N. Y. 339.) IV. Appellant was convicted for a crime of larceny by fraud (count " Fifth "), which was not found by a Grand Jury, contrary to section 6 of article I of the New York Constitution and the Fifth Amendment of the Federal Constitution. (*People* v. *Trank*, 88 App. Div. 294; *People* v. *Motello*, 157 App. Div. 510; *Ex Parte Bain*, 121 U. S. 1; *People* v. *Hooter*, 282 App. Div. 398; *People ex rel. Battista* v. *Christian*, 249 N. Y. 314; *People* v. *Miles*, 289 N. Y. 360; *People ex rel. Wachowicz* v. *Martin*, 293 N. Y. 361.)

BURKE, J. This appeal involves a determination as to whether section 295-j of the Code of Criminal Procedure may be invoked to amend all indictments or is restricted in its application to indictments drawn and presented to the Grand Jury in accordance with the provisions of sections 295-b, 295-c, 295-d and 295-e of the Code of Criminal Procedure which are part of chapter III-A of title V of part IV of that code entitled " SIMPLIFIED INDICTMENTS ".

In this case the original indictment as presented to the Grand Jury was prepared in accordance with section 276 of the Code of Criminal Procedure. The indictment contained four counts, the first charging grand larceny in the first degree, the second, third and fourth counts alleging petit larceny.

The first count accused the defendant of grand larceny in the first degree in that " between the 11th day of October, 1950, to on or about the 22nd day of June, 1951, in the County of Kings, [he] stole and took from the possession of A. Pellegrino & Son, Inc., currency of the United States of America in the amount of approximately $2,195.50, with the intent to deprive the owner of said property, and the use and benefit thereof, and to appropriate the same to the use of the said defendant." The three

petit larceny counts are similar in form to the grand larceny count, differing only as to the amount and date of the larceny. However, the dates upon which the petit larceny was committed are embraced within the period of October, 1950, to June, 1951, averred in the first count of grand larceny.

During the examination of the first witness for the People, the defendant objected to further interrogation upon the ground that the indictment failed to allege that the defendant made use of a false or fraudulent representation or pretense in the course of accomplishing, or in aid of, or in facilitating the theft, as required by section 1290-a of the Penal Law. This objection was sustained, whereupon the People moved the court, pursuant to section 295-j of the Code of Criminal Procedure, to amend the indictment by adding thereto a fifth count of grand larceny in the first degree and a sixth, seventh and eighth count, each of petit larceny.

The amendment was granted over the objection of the defendant. All of the added counts were identical with the corresponding counts of the original indictment, but added allegations that the commission of the respective larcenies was aided through use of false representation and pretenses. The original four counts of the indictment remained.

Thus, prior to the close of the People's case, the indictment contained the primary four counts of larceny plus the added four counts. At that juncture, the first, second, third and fourth counts were dismissed upon the election of the District Attorney to proceed only on counts five, six, seven and eight. Prior to summations, the court dismissed the sixth, seventh and eighth counts with the consent of both parties, submitting to the jury only the fifth count upon which the defendant was convicted.

The Appellate Division, while affirming the facts, reversed the conviction on the law alone and dismissed the indictment. The reversal was on the ground that an amendment to an indictment under section 295-j of the code can be granted only after the formal introduction of proof, and that section 295-j of the code does not permit an amendment to conform to evidence which has not been introduced and which, according to the express prohibition of a statute, could not have been introduced upon the indictment as found by the Grand Jury.

The defendant in addition asserts that the amendment here was improperly granted since section 295-j of the code authorizes amendments only of simplified indictments. We are in agreement with this latter contention.

Subdivision 1 of section 1290-a of the Penal Law states that if " the defendant made use of any false or fraudulent representation or pretense in the course of accomplishing, or in aid of, or in facilitating the theft, evidence thereof may not be received at the trial unless the indictment or information alleges such representation or pretense ". The indictment here failed to allege a false or fraudulent representation or pretense in connection with the larceny. Section 1290-a of the Penal Law, in addition to laying down a rule as to the introduction of evidence, likewise provided for the manner in which larceny achieved by false representation must be pleaded.

It is clear from section 295-a of the code that the Legislature intended that the long-form or statutory indictment continue to be used notwithstanding the innovation of simplified indictments. We must bear in mind that an indictment is an instrument required by the Constitution, not by the Legislature, stating the crime and the nature of the act constituting it. (N. Y. Const., art. I, § 6). The Legislature has been ever conscious of the constitutional requirements, for prior to the enactment of the Code of Criminal Procedure in 1881, there was no provision for the amendment of an indictment and indictments were subject to dismissal on extremely technical grounds. With the adoption of the code came the abandonment of the common-law formalism and technicalities which had plagued those charged with the drawing of indictments and which had rendered necessary the dismissal of many an indictment. At the same time, provision was made for the amendment of the new statutory form of indictment — colloquially known as a " long-form indictment " — to a certain limited degree. Thus section 293 of the code provides as follows: " Upon the trial of an indictment, when a variance between the allegation therein and the proof, in respect to time, or in the name or description of any place, person or thing, shall appear, the court may, in its judgment, if the defendant cannot be thereby prejudiced in his defense on the merits, direct the indictment to be amended.

according to the proof, on such terms as to the postponement of the trial, to be had before the same or another jury, as the court may deem reasonable.''

Insofar as the long-form or statutory indictment is concerned, an amendment is permitted but only to the extent that there is a variance as to (1) time, (2) name or (3) description of any place, person or thing, and then only subject to the condition that the defense will not be prejudiced on the merits.

In 1929, the Legislature further liberalized the requirements of indictments by authorizing prosecutions under '' simplified indictments '' as prescribed in sections 295-a to 295-k of the code. As part of this particular enactment and apparently with reference solely to simplified indictments, the Legislature adopted section 295-j dealing with the amendment of indictments. The text of section 295-j is as follows: '' § 295-j. *When amendment allowed.* Upon the trial of an indictment, the court may, in its judgment, if the defendant cannot be thereby prejudiced in his defense on the merits, direct the indictment to be amended according to the proof, on such terms as to the postponement of the trial, to be had before the same or another jury, as the court may deem reasonable, by adding thereto new counts, where it is made to appear that the crimes to be charged therein relate to the transaction upon which the defendant stands indicted. The court may likewise, upon the same terms and under similar circumstances, direct the bill of particulars to be amended according to the proof, when a variance between the bill of particulars and the proof shall appear.''

It would seem abundantly clear that section 295-j is applicable only to the amendment of a simplified indictment inasmuch as it was enacted as part of an over-all legislative scheme to authorize prosecution by simplified indictments. There is a complete lack of authority indicating that the Legislature intended that section 295-j should apply other than to an indictment under sections 295-b, 295-c, 295-d and 295-e.

In examining chapter 176 of the Laws of 1929 one finds the following language: '' Title five of part four of the code of criminal procedure is hereby amended by inserting therein a new chapter, to be chapter three-a, to read as follows:

## CHAPTER III-A

### Simplified Indictments "

Then follows the enumeration of sections 295-a through 295-k. It is a principle of statutory construction that the headings of the various chapters or sections of an act, when inserted by the Legislature, are considered as part of their respective chapters and sections and are construed accordingly. (McKinney's Cons. Laws of N. Y., Book 1, Statutes [1942 ed.], § 130.) As stated in *People* v. *Molyneux* (40 N. Y. 113, 119): " Those headings are not titles of the acts, but are parts of the statute, limiting and defining their effect." (See, also, *People* v. *Realmato,* 294 N. Y. 45, 49.)

Even though our Code of Criminal Procedure authorizes the correction of mistakes or errors in respect to pleadings when no substantial rights are infringed (Code Crim. Pro., § 684), nevertheless we must assume that the Legislature has adopted and prescribed a logical pattern to do so in keeping with the provision of the Constitution. We have a clearly expressed intention of the Legislature to approve the continued use of the long-form or statutory indictment as authorized in sections 273 to 292-a of the Code of Criminal Procedure. Moreover, chapter III of title V of part IV of the code, the heading of which is " Amendment of the Indictment ", contains section 293 which enumerates the only situations under which the amendment of the long-form or statutory indictment is permissible. If we are to give section 295-j of the code the meaning which the trial court would have us do, section 293 of the code will be completely superseded by section 295-j. Language more definite is necessary before such a drastic change should be ascribed to the Legislature. (3 Sutherland on Statutory Construction [3d ed., 1943], § 6201.) Indeed in those cases where the application of companion sections to section 295-j of the code has been considered in the lower courts, it has consistently been held that sections 295-g and 295-h of chapter III-A are applicable only to " Simplified Indictments " and do not change the existing rule as to long-form or statutory indictments (*People* v. *Parkinson*, 43 N. Y. S. 2d 690; *People* v. *Keohane*, 201 Misc. 597; *People* v. *Seeley*, 75 N. Y. S. 2d 833). If the Legislature intended that

section 295-j should apply to long-form indictments drawn pursuant to section 276 of the code, the only logical course would have been to add that section to chapter III of title V of part IV of the code entitled " AMENDMENT OF THE INDICTMENT " rather than to insert it as one of the sections under chapter III-A of title V of part IV entitled " SIMPLIFIED INDICTMENTS ". It is significant that sections 295-a to 295-k refer merely to " the indictment " or " an indictment " whereas section 295-l, which was added to the code by chapter 506 of the Laws of 1935, reads : " In all cases where a defendant has been indicted by a grand jury ", obviously making a distinction between the applicability of section 295-l and the preceding sections. Any other construction would defeat the plain intent of the Legislature. The Legislature, aware of constitutional limitations, has provided two procedures for pleading in criminal cases, the first procedure initially established in 1881 being set forth in sections 273 to 292-a of the code, and the second procedure established in 1929 being set forth in sections 295-b to 295-k of the code. An indictment drawn and presented to the Grand Jury under sections 273 to 292-a may be amended only pursuant to section 293 of chapter III of title V of part IV of the code. Indictments drawn and presented to the Grand Jury under sections 295-b to 295-k may be amended only pursuant to section 295-j of the code. The language of section 295-l added in 1935 clearly illustrates the substantial distinction between the two procedures as it alone of all the sections under chapter III-A expressly and explicitly refers to all cases where a defendant has been indicted. That the Legislature refrained from using this all-inclusive language in the other sections of chapter III-A is a clear indication of its intent to limit the use of those sections as supplements to simplified indictments.

We believe a fair reading of sections 295-b, 295-c, 295-d, 295-e, 295-f, 295-g, 295-h, and 295-i of the code compels a conclusion that they are interrelated, and should be construed together. (2 Sutherland on Statutory Construction [3d ed., 1943], §§ 4703, 4704, 5205). Sections 295-j and 295-k are not only not distinguishable in their terms from the prior sections, but are definitely part of the legislative scheme employed in drafting chapter III-A.

The contention that each section under chapter III-A prior to the addition of section 295-l should be construed as independent and unrelated to the other sections has already been rejected. This court has declared that a simplified indictment in form provided by section 295-d should be read together with the bill of particulars required by section 295-g in order to determine the sufficiency of the simplified indictment. This is so because the simplified indictment contains only a description of the crime whereas an indictment sufficient under the Constitution must also contain a statement of the facts by which it is constituted. (*People* v. *Bogdanoff*, 254 N. Y. 16, 23, 24, 25.)

In the absence of any showing of legislative intent to the contrary, we do not believe that there was statutory authority for granting the amendment under section 295-j of the code. The defendant took timely and appropriate objection and thereby preserved his rights on this appeal. The issue presented on this appeal was not raised and certainly not presented for decision in the cases of *People ex rel. Prince* v. *Brophy* (273 N. Y. 90), *People* v. *Miles* (289 N. Y. 360) or *People ex rel. Poulos* v. *McDonnell* (302 N. Y. 89). Consequently they may not be relied upon as authority for the precise point here considered.

In view of our disposition of the appeal on the grounds set forth above, it is unnecessary for us to discuss the grounds of reversal relied upon by the Appellate Division.

The order of the Appellate Division should be affirmed.

FULD, J. (concurring). In entire accord with Judge DESMOND's construction of section 1290-a of the Penal Law, I would agree for reversal and reinstatement of the judgment of conviction, if section 295-j of the Code of Criminal Procedure were applicable to indictments other than those designated " simplified " (Code Crim. Pro., § 295-b). However, for the reasons fully and ably stated by Judge BURKE, I am persuaded that section 295-j does not, and was never designed to, apply to the sort of indictment before us. As to the intimations or statements to the contrary in the cases referred to in the dissent, it is sufficient to say that all of them could have been decided without reference to the point at issue; the other judges who subscribed to the opinions in those cases were not bound, and, certainly, their successors should not be, by statements, no matter how oft reiterated, not essential to decision. As we declared in

*Dougherty* v. *Equitable Life Assur. Soc.* (266 N. Y. 71, 88) — and recently repeated in *People* v. *Olah* (300 N. Y. 96, 101) — " No opinion is an authority beyond the point actually decided, and no judge can write freely if every sentence is to be taken as a rule of law separate from its association." (See, also, Cardozo, The Nature of the Judicial Process, pp. 29–30.)

DESMOND, J. (dissenting). When this indictment came on for trial, it contained one count alleging grand larceny, first degree, and three counts of petit larceny. On the trial, the indictment was, over defendant's objection, amended by adding four more counts, each new count corresponding to one of the original ones, except that each new count contained an added allegation (not found in any of the first four) that the larceny was effected by defendant's false pretense and representation that he was actually employed by the corporation from which he is said to have stolen money by taking it in the guise of wages. During the trial, seven counts were dismissed, leaving for the jury's action one of the added ones, the fifth, which really included all the others in that it described the alleged theft, in the manner above stated, of $2,195.50, between October 11, 1950, and June 22, 1951, being the whole amount and the whole period of time involved in the alleged wrongful takings. The jury convicted defendant on that fifth count. (Since there was prima facie proof of guilt, it is unnecessary to detail the evidence.) The Appellate Division, while affirming the facts, reversed the conviction on the law alone and dismissed the indictment. Its sole stated ground therefor was that the amendment of the indictment was illegal because it was made prior to the introduction of evidence of false pretenses, and so was not, held the Appellate Division, an amendment to conform the indictment to the proof.

In this court, defendant-respondent goes farther than did the Appellate Division. His position is that the addition to the indictment, of new counts, on one of which he was convicted, deprived him of his constitutional right (N. Y. Const., art. I, § 6) to be tried on an indictment found by a Grand Jury, in the traditional way, only. Our conclusion is that in this particular situation the amendment was valid, particularly since there was not and could not have been any prejudice therefrom, to any right of defendant.

The prosecutor, in his opening speech, told the jury that the People intended to prove that defendant had, by various devices, arranged to have himself carried on the payroll of a stevedoring company, and that he had collected from the latter over $2,000 in wages from October, 1950, to June, 1951, by pretending to be employed by the company and by pretending to be entitled to wages therefor. The indictment, as it then stood, with four original counts, did not contain any reference to false pretenses (see Penal Law, § 1290-a, subd. 1). After some preliminary testimony, the prosecution attempted to prove the alleged false representations. Defendant objected on the basis of subdivision 1 of section 1290-a of the Penal Law (*supra*) which, as enacted in 1942, says that if " the theft was effected by means of any false or fraudulent representation or pretense, evidence thereof may not be received at the trial unless the indictment or information alleges such means ". The objection was sustained. Thereupon, over the objection of defendant, the indictment was amended, as stated above, to add four new counts, each of which was identical with one of the original counts, except that each new count alleged false representations. The prosecutor, to meet any possible claim of prejudice (none was asserted) from the amendment, offered (and the court indicated its concurrence) to adjourn the trial, to proceed to trial before a different jury, to furnish a bill of particulars of the new counts, to permit an inspection of the grand jury minutes, or to accede to any other reasonable terms or conditions requested by defendant. Defendant, however, simply stood on his objection to the amendment as illegal. The court allowed the amendment, the trial proceeded, all the counts except the fifth (one of the new ones) were dismissed, and defendant was convicted. It is important, as we shall see a little later herein, to note that the amendment was moved and allowed " pursuant to Section 295-j of the Code of Criminal Procedure ", and that none of defendant's objections to the amendment were on the ground that section 295-j was inapplicable to this particular indictment.

We take up, first, defendant's assertion that the amendment here allowed was not authorized by section 295-j of the Code of Criminal Procedure or by any other statute. Section 295-j reads thus:

" § 295-j. *When amendment allowed.* Upon the trial of an indictment, the court may, in its judgment, if the defendant cannot be thereby prejudiced in his defense on the merits, direct the indictment to be amended according to the proof, on such terms as to the postponement of the trial, to be had before the same or another jury, as the court may deem reasonable, by adding thereto new counts, where it is made to appear that the crimes to be charged therein relate to the transaction upon which the defendant stands indicted.

" The court may likewise, upon the same terms and under similar circumstances, direct the bill of particulars to be amended according to the proof, when a variance between the bill of particulars and the proof shall appear."

This amendment was made " upon the trial ", there was no possible prejudice to defendant, and the court offered to condition the amendment on reasonable, indeed generous, terms. Furthermore, it was obvious that the crimes charged in the added counts " related " to the " transactions " alleged in the first four counts. Each of those first four counts charged that defendant at a certain time " stole and took from the possession of A. Pellegrino & Son, Inc., currency " in a certain amount, etc. The new counts, as to those identical takings, merely complied with the pleading requirements of section 1290-a of the Penal Law (*supra*) requiring false pretenses to be set forth. We cannot avoid the conclusion that defendant's conviction was for the very larceny for which he was indicted by the Grand Jury, and that the amendments merely corrected an error in pleading. Our Code of Criminal Procedure, like every other rational system, authorizes the rectifying of such mistakes when no substantial rights are infringed: " § 684. *Errors, etc., when not material.* Neither a departure from the form or mode prescribed by this Code, in respect to any pleadings or proceedings, nor an error or mistake therein, renders it invalid, unless it have actually prejudiced the defendant, or tend to his prejudice, in respect to a substantial right." (See, also, §§ 285, 293, 542.)

Next, it is argued by defendant that section 295-j (*supra*), pursuant to which this amendment was permitted, is inapplicable since, says defendant, that section is part of chapter III-A of title V of part IV, headed " SIMPLIFIED INDICTMENTS " and

applies to such indictments only, and not to an indictment like the one found by the Grand Jury against this defendant. We will not stop to decide just what is a '' simplified indictment ''. The term is not readily definable, and section 295-b, which is part of chapter III-A of title V of part IV (*supra*), does not actually set up a new kind of indictment, but rather makes new minimum content requirements for valid indictments. Larceny indictments, like the one we deal with here, have, under section 1290-a of the Penal Law (*supra*), their own pleading requirements, one of which is, as we have shown above, that proof of false pretenses cannot be given at the trial unless false pretenses are alleged in the indictment. So, the phrase '' simplified indictment '' has little, if any, relation to larceny charges. But we see no reason why section 295-j does not apply to all indictments, not merely to those drawn in the '' simplified '' form described in section 295-b. Section 295-j, in terms, applies to '' an indictment '', not to an indictment of some particular kind. Its beneficent purpose could not logically be restricted as to '' simplified '' indictments only. A subcommission of the '' Baumes Commission '', recommending, in 1929, the enactment of section 295-j, stated its purpose of setting up a method of amending to cure drafting errors, and, while the subcommittee's report is not specific in this respect, it seems not to limit to '' simplified '' indictments the amending power granted in proposed section 295-j (see N. Y. Legis. Doc., 1929, No. 99, pp. 103–104). The fact that section 295-j was enacted as part of a chapter headed '' SIMPLIFIED INDICTMENTS '' does not constrain us to hold that its applicability is to such indictments only, since there appears in that same chapter at least one section (295-l as to a bill of particulars of a defendant's alibi) which could not possibly be confined to simplified indictments, and three others (§§ 295-f, 295-g, 295-h) which cannot reasonably be so confined. Another cogent reason why the use of section 295-j cannot be restricted to '' simplified '' indictments appears in our own opinions. Three times during a period of fourteen years (see *People ex rel. Prince* v. *Brophy,* 273 N. Y. 90 [1937]; *People* v. *Miles,* 289 N. Y. 360 [1942]; *People ex rel. Poulos* v. *McDonnell,* 302 N. Y. 89 [1951]), we said of a particular '' long form '' indictment that it could, under section 295-j, be amended (or could have been amended) by adding a count related to the same transac-

tion. Defendant, of course, says that all those expressions in those three cases are " dicta " but they are definite statements by this court as to the applicability of a statute. For all these reasons, we conclude and hold that section 295-j can be used, in otherwise appropriate situations, as to any kind of indictment.

To defendant's next two points — that this amendment violated his substantial rights and that it added new and unrelated charges — a single answer will suffice. That answer is that the newly added counts did not introduce any new crimes but amplified the already existing allegations as to the same crimes of larceny. Sections 1290 and 1290-a of the Penal Law furnish the key. Enacted in 1942, their plain intent and purpose was to abolish " the subtle and confusing distinctions that had previously differentiated the various kinds of theft " (see " statement of policy " in L. 1942, ch. 732, § 1; Fuld, The New Larceny Law, N. Y. L. J., May 19, 1942, p. 2124; People v. Karp, 298 N. Y. 213, 216). Under new section 1290 there was thereafter to be but one crime, i.e., larceny, however the theft was accomplished. Section 1290-a was merely an associated " pleading " statute and contained, probably for historical reasons (see Hoffman, False Pretenses, Brooklyn L. Rev., Vol. XXI, No. 1, p. 65; People v. Dumar, 106 N. Y. 502), the requirement that false pretenses used in effecting the theft could not be proven unless pleaded in the indictment. So, since 1942, we have had one crime only: larceny, but a particular pleading and evidence rule applicable when that crime has been committed in a particular manner. Thus, in the indictment we have under scrutiny, added count five described the identical crime alleged in count one, that is, the larceny of $2,195.50 in currency by defendant from A. Pellegrino & Son, Inc., between October 11, 1950, and on or about June 22, 1951, in the county of Kings. The omission from count one, of an allegation of the use of false representations was a deficiency in pleading, resulting, until corrected, in the exclusion of evidence of those representations. Since count one had been regularly voted by a Grand Jury, the change in form, although not in substance, set up no constitutional question. And defendant's substantial rights could not be invaded by such an amendment, unless he was in fact prejudiced, and prejudice is out of this case. There is, therefore, a clear differentiation from People v. Miles (289

N. Y. 360, *supra*), where the addition of a new count was held unconstitutional because it introduced into the indictment an additional charge of lottery, a crime essentially different from that of bribery found in the original indictment. In our case, the original indictment was constitutionally sufficient under established rules (*People* v. *Farson,* 244 N. Y. 413, 417; *People* v. *Bogdanoff,* 254 N. Y. 16, 23, 31, 32) and the power to amend was properly exercised since no vested rights were affected and the interests of justice required the amendment (see *People* v. *Adler,* 140 N. Y. 331, 335, 336).

Finally, we come to the Appellate Division's ground for reversal: that is, that this amendment was not within the terms of section 295-j, since the change was made in relation to an offer of proof, and not " according to the proof ". We do not think that statutory phrase should be so tightly construed. This amendment was " according to the proof " in the sense that it conformed to the proof which the assistant district attorney had, in his opening, announced he would make, and which he had been prevented from making because of the error in pleading. Amendments (not under § 295-j) of indictments in various respects were allowed prior to the introduction of proof in *People* v. *Johnson* (104 N. Y. 213), *People* v. *Hermon* (45 Hun 175), *People* v. *Lewis* (132 App. Div. 256), and *People* v. *Scanlon* (132 App. Div. 528). In *People* v. *Vanderborg* (301 N. Y. 750) and *People* v. *Ramistella* (306 N. Y. 379, 385), this court held, at least in effect, that a conviction for larceny by false pretenses was not invalidated for failure to plead the false pretenses, when defendant failed to object to evidence of the representations. Those holdings are consistent with ours here: that when such objection is made, the indictment is not fatally defective but can in a proper exercise of discretion be appropriately amended without affecting defendant's substantial rights.

The order of the Appellate Division should be reversed and the judgment of conviction reinstated.

CONWAY, Ch. J., and DYE, J., concur with BURKE, J.; FULD, J., concurs in a separate opinion; DESMOND, J., dissents in an opinion in which FROESSEL and VAN VOORHIS, JJ., concur.

Order affirmed.