THE PEOPLE OF THE STATE OF NEW YORK, Respondent, *v.* MARCUS KUEHN and ROBERT KUEHN, Appellants.

Fourth Department, April 30, 1958.

*William B. Mahoney* for appellants.

*Edwin G. O'Connor, District Attorney,* for respondent.

GOLDMAN, J. The defendants-appellants stand convicted of the crime of assault in the third degree. Their convictions rest, not upon the single count of assault in the second degree returned by the Grand Jury of Chautauqua County in a long-form or statutory indictment, but rather upon a new count of assault in the third degree as added by the court upon its own order. Defendants assert as the principal ground of error this action taken by the court in the amendment of the indictment.

As the record indicates, at the close of all of the evidence the defendants moved for a dismissal of the indictment and for a directed verdict of not guilty on the ground that the People failed to make out a prima facie case of a violation of subdivision 3 of section 242 of the Penal Law. The charge of assault contained in the indictment was for '' wilfully and wrongfully wounding and inflicting grievous bodily harm upon said Lynwood Worsham.'' The motion was made at the close of the day and the court reserved decision until the opening of court on the next morning. At that time the County Judge made the following statement: '' Before proceeding further, I wish to direct that the indictment be amended to conform to the proof as I view it by adding thereto a count of assault in the third degree. I am doing this under the authority of Section 295-J of the Criminal Code.''

The court thereupon dictated into the record a new count in language similar to a long-form indictment at the end of which he said:

" Now, the indictment now being amended to include the count of assault, third degree.

" I grant the motion of the defendants' counsel dismissing or taking from consideration the first count of the indictment as amended, accusing the defendants of assault second degree for the reason that I do not believe that a case of assault in the second degree has been made out ".

Appropriate exception in behalf of the defendants to the disposition thus made was taken and squarely presents the question on this appeal of the power of the trial court to amend the indictment returned by the Grand Jury in the manner done.

The District Attorney argues that the amendment was within the court's power inasmuch as without amendment upon submission to the trial jury of the count returned in the indictment of the Grand Jury the defendants could have been found guilty of an inferior degree of the same generic crime. Be this as it may, that is not what occurred. As a result of this amendment made by the court upon its own initiative defendants were " tried and convicted upon an indictment not found by the Grand Jury and tried and convicted of crimes other than those set forth in the indictment. (U. S. Const., 5th Amendt.; N. Y. Const., art. I, § 6.) The question is therefore presented as to whether there is any inherent or statutory authority in the court (whether constitutional or not) by which it may place itself in substitution of the Grand Jury and bring a defendant to trial upon an indictment not found by the Grand Jury but upon one found by the court ". (*People* v. *Hooter,* 282 App. Div. 398, 400.) In this last-named case, this court cited as additional authority for his position *People* v. *Motello* (157 App. Div. 510, 511) and *Ex Parte Bain* (121 U. S. 1).

The statement of the trial court at the time it amended the indictment discloses that the court must have felt that it was dealing with a simplified indictment for it asserted that the amendment was being made under the authority of section 295-J of the Criminal Code. A reading of the indictment returned by the Grand Jury clearly indicates that it was a long-form or statutory indictment and could be amended only under section 293 of the code and not under section 295-j. This whole subject is excellently and in great detail discussed by the Court of Appeals in *People* v. *Ercole* (308 N. Y. 425) and clearly sets forth the distinction between amendments to simplified and long-form indictments. In our view that case is decisive of the present appeals and the language appearing in earlier opinions is no longer applicable. At page 430 the prevailing opinion states that an amendment to a long-form or statutory indict-

ment may not be granted under section 295-j as amendments thereunder are restricted to simplified indictments. At page 431, the court said: "It would seem abundantly clear that section 295-j is applicable only to the amendment of a simplified indictment inasmuch as it was enacted as part of an over-all legislative scheme to authorize prosecution by simplified indictments. There is a complete lack of authority indicating that the Legislature intended that section 295-j should apply other than to an indictment under sections 295-b, 295-c, 295-d and 295-e."

The court points out at page 432 that the long-form or statutory indictment is authorized by sections 273 to 292-a of the Code of Criminal Procedure and that section 293 of the code enumerates the only conditions under which amendment of the long-form indictment is permissible. Returning to pages 430 to 431 of the opinion the court quotes section 293 of the code and at 431 concludes that amendment of the long-form indictment is restricted as follows: "Insofar as the long-form or statutory indictment is concerned, an amendment is permitted but only to the extent that there is a variance as to (1) time, (2) name or (3) description of any place, person or thing, and then only subject to the condition that the defense will not be prejudiced on the merits."

It is further stated that if amendment of the long-form indictment were permitted under section 295-j of the code, section 293 would be completely superseded. At page 433, the court said: "The Legislature, aware of constitutional limitations, has provided two procedures for pleading in criminal cases, the first procedure initially established in 1881 being set forth in sections 273 to 292-a of the code, and the second procedure established in 1929 being set forth in sections 295-b to 295-k of the code. An indictment drawn and presented to the Grand Jury under sections 273 to 292-a may be amended only pursuant to section 293 of chapter III of title V of part IV of the code. Indictments drawn and presented to the Grand Jury under sections 295-b to 295-k may be amended only pursuant to section 295-j of the code." (Also, see, *People* v. *Oliver,* 3 N Y 2d 684.)

Believing as we do that *People* v. *Ercole* (*supra*) is decisive in this appeal, the judgment of conviction should be reversed, the indictment dismissed and the defendants discharged.

All concur. Present — McCurn, P. J., Kimball, Williams, Bastow and Goldman, JJ.

Judgment of conviction reversed on the law and indictment dismissed.