The People of the State of New York, Respondent, *v.* Clifford Crawford, Appellant.

Fourth Department, April 6, 1967.

*E. George Perdix* for appellant.

*Michael F. Dillon, District Attorney* (*Barbara M. Sims* of counsel), for respondent.

WILLIAMS, P. J.   The defendant was convicted under two counts of a re-indictment charging burglary in the third degree under subdivisions 1 and 2 of section 404 of the Penal Law. The first count charged breaking and entering under subdivision 1 of said section.   The second count charged that defendant committed a crime in a building and broke out, under subdivision 2.

He was sentenced on both counts, the sentences to run concurrently.   The question before us is whether his conviction for breaking and entering under subdivision 1 involved double jeopardy.

This was the second indictment against this defendant.   The first indictment, under which he was convicted for breaking *out,* originally charged only breaking and entering, in that he "feloniously broke into and entered the garage."   The first trial proceeded to the close of the People's testimony and then the District Attorney, apparently believing that he had not proved the necessary elements of burglary under the first count, moved "to amend the indictment   *   *   *   to the extent that on the first count thereof we move to amend that as follows: that the said Clifford W. Crawford contrary to the Penal Law, Section four hundred and four zero four, on or about the eleventh day of Jan. of 1964   *   *   *   feloniously being in any building committed a crime therein and *broke out* of the same, to wit, the crime of larceny" (emphasis supplied).   The motion was granted over the objection of the defendant, and the testimony was then closed inasmuch as the defendant rested without calling a witness.   The indictment was in the common-law or so-called "long form", and the amendment was improperly allowed. (*People* v. *Ercole,* 308 N. Y. 425, 428, 4 N Y 2d 617.)   Although the objection to the amendment was not in technically proper form to raise the contention that the indictment could not be materially altered as a matter of law, that creates no problem, because the failure to object or even defendant's consent could not confer jurisdiction upon the court to continue the trial under the amendment.   (*People* v. *Miles,* 289 N. Y. 360, 363, 364.) Furthermore, the amendment sought not to supplement the indictment but to substitute and allege a crime not charged by

the Grand Jury. Under the doctrine of the first *Ercole* case, the amendment was completely invalid and bestowed no jurisdiction upon the court to try the crime of burglary by breaking *out*. The only count that was jurisdictionally before the court was the one alleging breaking *in*. Inasmuch as the defendant had been in jeopardy from the commencement of the first trial to the completion of the People's case, the doctrine of former jeopardy as to breaking and entering must be invoked in his favor. Otherwise a District Attorney, having charged one subdivision of a defined crime which necessitated proof of certain elements, finding at the conclusion of his presentation that he is faced with an order of dismissal because of failure to establish the crime charged, could seek an amendment to charge a crime made up of different elements and thus avoid the effect of jeopardy when the indictment would otherwise be dismissed as to the count not proved. This is the type of harassment that the doctrine of former jeopardy seeks to prevent. Here, the defendant had no part in the request for amendment. The entire procedure was instigated by the District Attorney and cannot be charged against this defendant.

The distinction between the present case and the second *Ercole* case is that Ercole was convicted of a crime, certain elements of which were not alleged in the indictment as required by section 1290 of the Penal Law in relation to the use of false pretenses in connection with the crime of larceny. In the first *Ercole* case the court said that, inasmuch as there was no authority to amend the indictment in that respect, the entire indictment was completely invalid and the court obtained no jurisdiction to try or present the case under the amendment. Therefore, the *Ercole* case held that the entire proceedings as they related to the amendment were null and void and thus the defendant was never in jeopardy under count five because no valid sentence could ever be pronounced against him. Ercole was re-indicted for the same crime for which he was tried previously under count five, as improperly amended, charging the crime of larceny by false pretense. He was convicted, and his conviction was affirmed in the Court of Appeals (*People* v. *Ercole,* 4 N Y 2d 617, *supra*).

In the present case, the defendant was in court, during the first trial, under an indictment valid on its face and in a court having complete jurisdiction and inasmuch as evidence was given upon the trial he was placed in jeopardy (*Matter of Nolan* v. *Court of General Sessions,* 11 N Y 2d 114, 119) and remained in jeopardy until the District Attorney, in effect, asked for a dismissal of the indictment alleging breaking and entering because of the insuffi-

ciency of the proof in that respect. This was of no less effect than if the Trial Judge had dismissed count one of the indictment at the close of the People's case.

The authorities cited by the prosecution which hold that when a defendant invokes the aid of an appellate court and obtains a reversal and a new trial he may not thereafter claim that the second trial would constitute double jeopardy, do not help the prosecution under the facts of the present case. In those cases the defendant received, at least in part, what he had asked and he could not use the first trial as a shield against a new trial. In the present case the defendant was never convicted of breaking in. The effect of the District Attorney's motion for an amendment was to vacate the first count of the indictment because of lack of proof and to substitute a new count therefor, under which he was convicted. The only conviction against him was under an amendment which gave the court no jurisdiction over the indictment as amended. Inasmuch as there was never a conviction for breaking in or a reversal thereon, he is not now prevented from raising this jeopardy question at the present time.

After the first convictions and sentences, the defendant commenced a habeas corpus proceeding in reliance on *People* v. *Miles* (289 N. Y. 360, *supra*) and *People* v. *Ercole* (308 N. Y. 425, *supra*), and the hearing Judge in that proceeding held that the amendment was void and that, by permitting the amendment, the first Trial Judge had rendered the court without jurisdiction to continue the trial as to the amended count. The hearing Judge in the habeas corpus proceeding remanded the relator to the county jail so that he could be re-indicted.

The re-indictment, under which this appeal comes to us, charged the defendant with two counts of burglary, third degree; the first, of breaking and entering and the second, of committing a crime and breaking out. Before the commencement of the trial defendant moved before the trial court to dismiss this indictment on several grounds, one of which was former jeopardy in relation to the first count. The Judge held that the improper amendment had rendered the original indictment null and void and, therefore, there was no basis for a motion to dismiss because of former jeopardy. His denial of the motion as to the first count was improper.

As noted, the defendant was convicted on both counts. One portion of the Trial Judge's charge demands consideration. He said:

" If you find that the prosecution has established the defendant's guilt beyond a reasonable doubt of either of these counts

in the indictment, you will then return a verdict of guilty of burglary in the third degree, as charged.

" On the other hand, if you find that the prosecution has failed to establish the defendant's guilt on either of these two counts beyond a reasonable doubt, you will then return a verdict of ' not guilty '."

In other words the instruction was that, if the jury found that there was a breaking *in,* the verdict would have to be one of guilty as charged. There was no alternative allowed. Under this charge, the jury may have based its determination solely on the ground that there was evidence sufficient to establish a breaking *in* and convicted of both counts on that alone. The charge mandated that. We cannot speculate as to how this verdict was arrived at. The Judge allowed great latitude in respect to basing it solely on breaking *in.* That being so, then, of course, there could have been a verdict on both counts based solely on a violation of count one, under which the defendant had formerly been in jeopardy. Therefore, the entire verdict lacks validity, as does the judgment of conviction based thereon.

Had the Judge submitted the two counts separately and had the defendant been convicted of both, a simple reversal of the verdict under the first count and dismissal of that count of the indictment would dispose of the first count, and we would then be able to turn our attention solely to the validity of the conviction under the second count. In analyzing the second count we find that the evidence sufficiently supported the verdict which was rendered, but there is one matter that should be mentioned by us and that is the failure of the Trial Judge to charge the problems of proof that relate to the necessity of the corroboration of the testimony of Gullo if he was found to be an accomplice. Upon a retrial, the submission should contain such instructions. Otherwise, we find no errors in the record of conviction as to the second count.

The judgment, insofar as it is based on the first count, should be reversed and the indictment dismissed. A new trial should be had as to the second count.

BASTOW, GOLDMAN, HENRY and DEL VECCHIO, JJ., concur.

Judgment unanimously reversed on the law and facts, first count of the indictment dismissed, and a new trial granted as to the second count of the indictment.