■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. JAMES H. BRUMFIELD, Appellant.— Judgment insofar as it convicts defendant of second count of indictment unanimously reversed on the law and facts, and second count of indictment dismissed, and otherwise judgment affirmed. Memorandum: The defendant was convicted under the two counts of an indictment charging assault second degree following a jury trial of the defendant and two codefendants. Defendant asserts that certain alleged prejudicial references to him contained in statements of the two codefendants received against them on the joint trial prejudiced his right to a fair trial. It appears from the record that not only did the defendant choose not to move for severance or redaction of the statements at any time prior to or during the trial but prior to the opening of the trial and with knowledge that his codefendants had given statements to the police, in answer to the court's pointed inquiry if he desired to move for a separate trial he responded that he did not so choose. Under such circumstances it would appear that he effectively waived any right to a separate trial as we found in *People* v. *Sweeney* (30 A D 2d 1035). The second count of the indictment in long form charged the defendant with an assault on a police officer with intent to resist his lawful apprehension and detention. Following the opening of counsel and before introducing any evidence the prosecutor moved to amend the second count to substitute the name of Frederick Brumfield as the person whose lawful apprehension and detention was sought to be resisted instead of the defendant. The amendment was allowed by the court over defendant's objection. An amendment of an indictment under section 293 of the Code of Criminal Procedure can be allowed only when a variance shall appear between the allegation therein and the proof " Upon the trial " and then " according to the proof " and there is no power granted the court to amend prior to proof being taken. (See *People* v. *Goyette*, 282 App. Div. 980; *People* v. *Hooter*, 282 App. Div. 398.) Furthermore the amendment sought to sub-

stitute and allege a crime not charged by the Grand Jury and was therefore completely invalid and bestowed no jurisdiction upon the court to try the crime charged in the count as amended. (See *People* v. *Houppert,* 28 A D 2d 807; *People* v. *Crawford,* 27 A D 2d 312.) (Appeal from judgment of Monroe County Court convicting defendant of assault, second degree.) Present — Bastow, P. J., Del Vecchio, Marsh, Witmer and Henry, JJ.