FOURTH DEPARTMENT, NOVEMBER, 1977

(November 4, 1977)

█ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v RICHARD BROWN, Appellant.—Judgment unanimously modified, on the law, by reversing the judgment of conviction of second degree assault and dismissing count three of the indictment and otherwise, affirmed. Memorandum: Defendants appeal from their convictions of second degree robbery, second degree assault and unauthorized use of a motor vehicle. Among their claims of error they contend that the trial court erred in granting the People's motion, at the close of the evidence and over their objections, to amend count three of the indictment. That count as originally drawn charged second degree assault under subdivision 1 of section 120.05 of the Penal Law, and the amendment charged the same crime under subdivision 6 of section 120.05 of the Penal Law. The Code of Criminal Procedure governs this issue, the case having been tried prior to the effective date of the Criminal Procedure Law (CPL 1.10). Under the code a "long-form" indictment—which the instant indictment is (cf. Code Crim Pro, §§ 293, 295-d)—could only be amended in the manner authorized by section 293 of the Code of Criminal Procedure, and not under section 295-j which authorized, in certain cases, the addition of new counts charging crimes which "relate to the transaction upon which the defendant stands indicted". The latter section applies only to "short-form" or "simplified" indictments *(People v Ercole,* 308 NY 425). Section 293 authorized the court to amend an indictment to conform to the proof "in respect to time, or in the name or description of any place, person or thing * * * if the defendant cannot be thereby prejudiced in his defense on the merits". The section did not, however, permit a long-form indictment to be amended so as "to substitute and allege a crime not charged by the Grand Jury" *(People v Crawford,* 27 AD2d 312, 313–314). A similar question was presented in *People v Houppert* (28 AD2d 807) where at the close of the People's case the indictment was amended by adding the words "or that of another", to reflect the People's proof that the defendant had committed the assault to prevent the apprehension of a third party rather than himself. We reversed the conviction and dismissed the indictment, concluding that "the amendment was completely invalid and bestowed no jurisdiction upon the court". (Accord *People v Brumfield,* 31 AD2d 726.) The People argue that the error in permitting the amendment was harmless because the court could have accomplished the same result lawfully by charging second degree assault under subdivision 6 of section 120.05 of the Penal Law, as a lesser offense under the second degree robbery count. In *People v Kuehn* (5 AD2d 516, 518) we rejected a similar contention in these terms: "Be this as it may, that is not what occurred. As a result of this amendment * * * defendants were 'tried and convicted upon an indictment not found by the Grand Jury and tried and convicted of crimes other than those set forth in the indictment. ( U. S. Const., 5th Amendt.; N. Y. Const., art. I, § 6.)' " We have examined defend-

ant's other claims of error and find them to be without merit. (Appeal from judgment of Onondaga County Court—robbery, second degree and other charges.) Present—Marsh, P. J., Moule, Dillon, Goldman and Witmer, JJ.