■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v WALTER S. BROWN, Appellant.—Judgment unanimously modified, on the law, by reversing the judgment of conviction of second degree assault and dismissing count three of the indictment and otherwise, affirmed. Same memorandum as in *People v Brown* (59 AD2d 1006). (Appeal from judgment of Onondaga County Court—robbery, second degree and other charges.) Present—Marsh, P. J., Moule, Dillon, Goldman and Witmer, JJ.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v MILTON DIXON, Appellant.—Judgment unanimously modified, on the law and facts, by reversing the conviction for simple possession of a weapon under the fourth count, vacating the sentence and dismissing that count of the indictment, and otherwise, affirmed. Memorandum: In the third count of the indictment defendant was charged with criminal possession of a weapon in the second degree, in that he "possessed a loaded firearm, to wit, a loaded revolver, with intent to use the same unlawfully against another, to wit, LéMonde Davis" (Penal Law, § 265.03). In the fourth count of the indictment defendant was also charged with criminal possession of a weapon in the second degree in that he "possessed a loaded firearm, to wit, a loaded revolver with intent to use the same unlawfully against another, to wit, Harold Oliver". Defendant was convicted under the third count but acquitted of second degree possession under the fourth count. He was, however, convicted under the fourth count of the lesser included offense of criminal possession of a weapon in the third degree, namely, simple possession of the gun (Penal Law, § 265.02, subd [4]). The evidence shows that defendant possessed the gun for some period of time before his encounter with LéMonde Davis, and it was sufficient to sustain the conviction of defendant thereof independently of count one, which charged him with attempted murder of Davis, second degree, of which he was also convicted. There is, however, insufficient evidence to convict defendant of simply possession of the gun apart from his possession of it before his encounter with Davis, for which he was convicted of possession in the second degree. His continued possession of the gun during the melee with Oliver, while still involved with Davis, does not support an independent charge of simple possession of the gun; and so the conviction thereof must be reversed and count four of the indictment dismissed. We find no merit in the other points raised by defendant on this appeal. (Appeal from judgment of Erie County Court—attempted murder, second degree and other charges.) Present—Marsh, P. J., Moule, Dillon, Goldman and Witmer, JJ.