■ ESTATE OF MARGARET M. BERWICK et al., Respondents, v STATE OF NEW YORK, Appellant. (Proceeding No. 1.) (Claim No. 64076.) ESTATE OF SEBASTIAN T. PASCALE, Respondent, v STATE OF NEW YORK, Appellant. (Proceeding No. 2.) (Claim No. 64150.) NORMAN B. DIX, Respondent, v STATE OF NEW YORK, Appellant. (Proceeding No. 3.) (Claim No. 64104.)—In three claims to recover damages for the appropriation of property, which were jointly tried without a jury, the State of New York appeals (1) in proceeding No. 1, from a judgment of the Court of Claims (Silverman, J.), dated July 1, 1988, which awarded the claimants the principal sum of $589,000, (2) in proceeding No. 2, from a judgment of the same court, also dated July 1, 1988, which awarded the claimant the principal sum of $282,150, and (3) in proceeding No. 3, from a judgment of the same court, dated July 1, 1988, which awarded the claimant the principal sum of $358,200.

Ordered that the judgment in proceeding No. 1 is modified, on the law and the facts, by reducing the award of damages to the principal sum of $382,700; as so modified, the judgment in proceeding No. 1 is affirmed, without costs or disbursements, and the matter is remitted to the Court of Claims for the entry of an appropriate amended judgment; and it is further,

Ordered that the judgment in proceeding No. 2 is modified, on the law and the facts, by reducing the award of damages to the principal sum of $235,300; as so modified, the judgment in proceeding No. 2 is affirmed, without costs or disbursements, and the matter is remitted to the Court of Claims for the entry of an appropriate amended judgment; and it is further,

Ordered that the judgment in proceeding No. 3 is modified, on the law and the facts, by reducing the award of damages to the principal sum of $207,700; as so modified, the judgment in proceeding No. 3 is affirmed, without costs or disbursements, and the matter is remitted to the Court of Claims for the entry of an appropriate amended judgment.

In a prior action involving different issues, we held that any awards to these claimants were to be based upon the recreational value plus an increment above the recreational value that a knowledgeable buyer would pay, in light of the reason-

able probability of a successful constitutional challenge in court to applicable legislation restricting the use of tidal wetlands *(see, Berwick v State of New York,* 107 AD2d 79, 95). As a result, the sole issue raised on this appeal is the propriety of the awards made to each of the claimants for the State's appropriation pursuant to ECL 3-0305 of their property for wetland conservation.

At the trial, the claimants generally resubmitted their prior evidence of the appraised residential values of the properties, and of the engineering costs of development. In light of this proof, they urged that an award of 90% of the residential value of the properties as zoned as of the date of condemnation was warranted. Contrary to the prior mandate of this court, the State valued the properties as though it were legally and economically unfeasible to develop them. As a result, the State's comparable valuations of these properties were properly rejected by the Court of Claims.

The Court of Claims awarded the claimants for the property in proceeding No. 1 (hereinafter referred to as the Berwick property) 75% of the property's residential value after subtracting the recreational value, which sum was intended to reflect what a knowledgeable buyer would pay for the appropriated 5.4276 acres in light of the reasonable probability of a successful court challenge *(see, Berwick v State of New York, supra,* at 94). When determining unrestricted residential value, it also made a 5% downward adjustment to the claimant's comparable sales in light of the State's engineering report and the court's belief that pilings would probably be necessary to develop the property. Based upon these adjustments, the Berwick claimants were awarded a total increment of $572,775, which, when added to the previously determined recreational value of $16,300, constituted a total award of $589,000 (rounded).

The State proffered evidence that the Berwick property is comprised of 92% wetlands and is flooded daily by surface waters. It also noted that any developer would have to consider the applicability of Federal Water Pollution Control Act § 404 (33 USC § 1344), the Federal Insurance Administration Water and Flood Insurance Program, and the 1979 Suffolk County Health Department Standards. In light of this and other evidence, a further downward adjustment of 32% for developability should be applied to the unrestricted residential value in addition to the 5% downward adjustment made by the Court of Claims *(see generally, Matter of County of Suffolk,* 109 AD2d 155, 156). For the Berwick property, the claimants'

appraiser netted the adjustment percentages and then applied them to the unadjusted values of the comparable properties. Thus, with respect to this property, the additional downward adjustment should be applied against the unadjusted values of the comparable properties.

In determining residential value, we have taken the claimants' appraiser's value of $11,000 per unit for 78 units ($858,000). Then we have imposed an additional adjustment of $4,527.60 (37% of $12,236.75, the claimants' appraiser's unadjusted value per unit). Thus, the adjusted value per unit is $6,472.40, and the residential value of the entire parcel of 78 units is $504,847.20. The value of the increment is therefore 75% of $488,547.20 ($504,847.20 less the recreational value of $16,300), or $366,410.40. After adding back the recreational value of $16,300, we arrive at a total award of the principal sum of $382,700 (rounded).

With respect to the property in proceeding No. 2 (hereafter referred to as the Pascale property), which amounted to 19.8 acres, the claimant's appraiser arrived at an unrestricted residential value of $376,200 based upon a valuation of $19,000 per acre (see, Berwick v State of New York, supra). The Court of Claims held that the appraiser's time adjustment of 30% per annum was excessive, and instead, imposed a time adjustment of 15% per annum. The claimant contended that the parcel, which is zoned residential district 1 to permit a one-family residence, was best suited for subdivision into 16 residential plots. As a result, the claimant's appraiser did an analysis based on comparable sales which arrived at a value of the property, as subdivided into 16 plots, of $383,000. In light of the evidence, the Pascale claimant proved that subdivision of the property was possible, and as a result, the court should have granted the claimant an upward adjustment based upon the potential for subdivision (see, Matter of Town of Islip, 49 NY2d 354, 361; Hewitt v State of New York [Mascioli], 18 AD2d 1128; cf., People v Brumfield, 31 AD2d 726, 727). In view of the claimant's proof, we find that a 15% upward adjustment for the potential for subdivision of the property is appropriate.

In addition, since the Pascale property is comprised of 93% wetlands, is flooded daily by surface water, and is subject to the same developability problems as the Berwick property, we believe that a further downward adjustment of 32.5% should be applied (see generally, Matter of County of Suffolk, supra, at 156). The claimant's appraisal of the Pascale property is done differently from the Berwick property. The appraiser first

applied an adjustment for time, and derived adjusted values of the comparable properties. The appraiser then applied size adjustments against these adjusted values, to derive new adjusted values. Thereafter, the appraiser applied waterfront adjustments against the new adjusted values, and derived yet another set of adjusted values. Finally, the appraiser applied downward adjustments of 35% for developability to derive his "indicated" values. This method was only used with respect to the Pascale comparables, and the result was to inflate the indicated values of those comparables. Accordingly, in arriving at the new indicated values on this property, we applied the same method of netting adjustments as was applied in the Berwick appraisal.

Furthermore, in determining residential value, we used the claimant's comparable sales, but disregarded sale numbered 7, because, since the appraiser deemed it necessary to impose downward adjustment totaling 85% with respect to that sale, it cannot be considered comparable. After imposing upward adjustments totaling 17.5% with respect to sale numbered 4, and downward adjustments of 61.25% and 46.25% respectively with regard to sales numbered 5 and 6, we arrived at adjusted values of $15,028.25 per acre for sale numbered 4, $14,453.75 for sale numbered 5, and $15,050 for sale numbered 6. Based upon these figures, we determined that the adjusted residential value of the Pascale property is $14,844 per acre, and $293,911.20 for the entire 19.8-acre parcel. The claimant is entitled to an increment which amounts to 75% of $234,511.20 ($293,911.20 less the recreational value of $59,400), or $175,883.40, which, when added to the recreational value of $59,400, constitutes an award of the principal sum of $235,300 (rounded).

With respect to the property in proceeding No. 3 (hereinafter referred to as the Dix property), which is a partial taking (see, Berwick v State of New York, 107 AD2d 79, supra), the Court of Claims determined that no further adjustments were warranted, and therefore it awarded the claimant an increment above the recreational value of 75% of the residential value of the property reduced by the recreational value. It then deducted the claimant's appraised value of the portion of the parcel which was not taken, and awarded the claimant the principal sum of $358,200.

In view of the fact the Dix property is comprised of 97% wetlands, is flooded daily by surface water, and is subject to the same developability problems as the Berwick and Pascale properties, we find a downward adjustment of 34% should be

applied to the unrestricted residential value increment for the same reasons stated with respect to the Berwick and Pascale properties *(see generally, Matter of County of Suffolk,* 109 AD2d 155, 156, *supra).* For the Dix property, the claimant's appraiser netted the adjustment percentages and then applied them to the unadjusted values of the comparable properties. Thus, with respect to this property, the additional downward adjustment should be applied against the unadjusted values of the comparable properties.

In determining residential value, we took the claimants' appraiser's residential value of $11,500 per unit. Then we imposed an additional adjustment of $4,160.50 per unit (34% of the claimants' appraiser's unadjusted value per unit of $12,236.75), to arrive at a residential value per unit of $7,339.50. The claimants' appraiser divided the entire parcel of 3.2 acres into 46 units. Thus, the residential value of the entire parcel is $337,617, or $105,505.31 per acre, and the residential value of the portion of the property taken, 2.6 acres, is $274,313.81. We find that the increment over the recreational value which a knowledgeable buyer would pay is 75% of $266,513.81 ($274,313.81 less the recreational value of $7,800) or $199,885.36, which, after adding back the previously determined recreational value of $7,800, constitutes a total award of the principal sum of $207,700 (rounded).

We have considered the parties' remaining contentions and find them to be without merit. Thompson, J. P., Lawrence, Kunzeman and Harwood, JJ., concur.